**Emma R. DORL, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 132, Docket 74–1716.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 23, 1974.

Decided Nov. 13, 1974.

Ronald T. Dorl, for appellant.

Alfred S. Lombardi, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Michael L. Paup, Ernest J. Brown, Attys., Tax Div., Dept. of Justice, of counsel), for appellee.

Before MOORE, OAKES and GURFEIN, Circuit Judges.

PER CURIAM:

Appellant's 1969 income tax return was submitted with a mathematical error which, with interest and penalty, resulted in a deficiency of $116.32. Appellant was notified of this by letter dated April 8, 1971, and paid this amount on April 13, 1971. Subsequently, the appellant's 1969 return was selected for audit, and a further deficiency of $182.-84 was discovered.

■ Appellant, pro se, claims that the letter of April 8, 1971, written by a revenue officer, informing her that if she paid the original deficiency of $116.-32 she would have "paid in full for the Income Tax Return . . . for the period ended 12–31–69," constituted a closing agreement within § 7121 of the Internal Revenue Code of 1954, 26 U.S.C. § 7121, thus foreclosing the assessment of additional taxes. This contention is adequately answered in T.C. No. 145 (July 2, 1973) (Hall, J.), holding that the letter was not a "final and conclusive" agreement binding both taxpayer and the Internal Revenue Service, in the formal sense requisite in the Revenue Code and indeed could not have been one since Revenue Officer Kleinman, who sent the letter in question had no authority to execute the formal closing agreement which § 7121 envisages. *See* Delegation Order No. 97 (Rev. 9) (1971–1 Cum.Bull. 656). *See also* Harrington v. Commissioner, 48 T.C. 939, 953 (1967), aff'd on other grounds, 404 F.2d 237 (5th Cir. 1968).

■ As Tax Judge Hall pointed out, the United States is not bound by the unauthorized acts of its agents, nor is it estopped to assert lack of authority as a defense. Bornstein v. United States, 345 F.2d 558, 562, 170 Ct.Cl. 576 (1965). Appellant, moreover, failed to establish detrimental reliance, which would be essential to a theory of estoppel. *Id.* at 563.

■ Appellant, who commenced this suit by filing a petition with the Tax Court for a redetermination of a deficiency, also seeks to review the decisions of that court denying her requests, first, for a jury trial before the Tax Court and, second, for removal of the case to the United States District Court for the District of New Jersey. Dorl v. Commissioner, 57 T.C. 720 (1972) (Dawson, J.). It is elementary, although unfortunately not well known to the layman, that the filing of a timely petition with the United States Tax Court gives that court exclusive jurisdiction, § 6512, Int.Rev.Code of 1954, 26 U.S.C. § 6512(a), thereafter barring a refund suit in the district court. United States v. Wolf, 238 F.2d 447, 449 (9th Cir. 1956); Elbert v. Johnson, 164 F.2d 421, 424 (2d Cir. 1947). It is equally elementary that there is no right to a jury trial in the Tax Court. Phillips v. Commissioner, 283 U.S. 589, 599 n. 9, 51 S. Ct. 608, 75 L.Ed. 1289 (1931); Wickwire v. Reinecke, 275 U.S. 101, 105, 48 S.Ct. 43, 72 L.Ed. 184 (1927). It is unfortunate, perhaps that an elderly unguided lay person has been deprived of the peace of mind that goes with the knowledge of having finally settled one's tax obligations to his government. If Revenue Officer Kleinman's original letter had been more artfully worded the taxpayer's distress and the ensuing litigation could have been avoided. Perhaps the Service will from it, however, see fit to devise a form letter that would meet the situation in the future.

Judgment affirmed.