PHYLLIS S. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 7306-76.
United States Tax Court
T.C. Memo 1978-32; 1978 Tax Ct. Memo LEXIS 482; 37 T.C.M. (CCH) 189; T.C.M. (RIA) 780032; January 25, 1978, Filed Phyllis S. Johnson, pro se. William J. Salica, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $724 in petitioner's Federal income tax for the year 1974. The deficiency arose from respondent's disallowance, for lack of adequate substantiation, of certain portions of deductions claimed to have been paid or incurred by petitioner *483 in 1974 for real estate taxes, charitable contributions, and other miscellaneous expenses. At trial, petitioner declined to present substantiating evidence with respect to these items, although the Court repeatedly urged her to do so. Instead, she chose to base her case on several constitutional challenges to the Federal income tax law and its specific application to her. She also attempted to withdraw without prejudice her petition in this Court, presumably to file a complaint in the Federal District Court. Although petitioner's allegations do not easily lend themselves to precise and concise restatement, her constitutional challenges are as follows: (1) the Federal income tax statute is unconstitutional, having no foundation in the Sixteenth Amendment; (2) respondent's determination of deficiency not only was an impermissible bill of attainder, but also was arbitrary and in violation of her First Amendment right to petition the government for a redress of grievances, her Fourth Amendment right to be free from unreasonable searches and seizures, and her Fifth Amendment due process rights; (3) placing the burden of proof upon petitioner in this proceeding violates her Fifth Amendment *484 right against self-incrimination and other constitutional provisions; (4) the trial in this case was in contravention of her Sixth Amendment right to counsel and her Seventh Amendment right to a jury trial; and (5) the Federal income tax laws place petitioner in a condition of involuntary servitude violative of the Thirteenth Amendment. Petitioner was a resident of South Pasadena, California, at the time she filed her petition in this case. She timely filed her Federal income tax return for the year 1974. Before addressing petitioner's substantive arguments, we state at the outset that we must deny her motion to dismiss, which is an attempt to withdraw her petition without prejudice. The jurisdiction of this Court is invoked when a taxpayer, who has received a statutory notice of deficiency from respondent, files a timely petition with the Court to redetermine such deficiency. Once invoked, the jurisdiction of this Court is exclusive with respect to the years included in the petition. See section 6512(a), Internal Revenue Code of 1954, as amended; [1]Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F. 2d 406 (2d Cir. 1974); *485 Bowser v. Commissioner,     F. 2d     (3d Cir. 1977).Moreover, if the Court dismisses a case after the petition is filed for any reason other than lack of jurisdiction, a decision must be entered as to the amount of the deficiency. Estate of Ming v. Commissioner,62 T.C. 519 (1974). Consequently, even if we were to grant petitioner's motion, not only would a subsequent suit in the Federal District Court be barred, [2] but also our dismissal would operate as an adjudication on the merits. See Estate of Ming v. Commissioner,supra.
*486 Petitioner's main attack on the constitutionality of the Federal income tax statute is that as a graduated direct tax on income it was not within the intended scope of the Sixteenth Amendment to the Constitution. According to petitioner, the framers of the Sixteenth Amendment envisioned an indirect excise tax on corporations, such as that contained in the Tariff Act of 1909. [3] Since petitioner is an "individual sovereign citizen" and the Federal income tax is a direct, progressive tax, she claims not to be subject to such tax. Although petitioner's sincerity and devotion to principle cannot be gainsaid, her constitutional challenge to the Federal income tax must be rejected. The constitutionality of the Federal income tax laws passed since the enactment of the Sixteenth Amendment has been upheld judicially *487 on too many occasions for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Furthermore, the Sixteenth Amendment was enacted in response to the Supreme Court's decision in Pollock v. Farmers' Loan & Trust Co.,157 U.S.0 429 (1895), WHICH HELD UNCONSTITUTIONAL THE INCOME TAX OF 1894 AS A DIRECT TAX WITHOUT APPROTIONMENT. The "whole purpose" of the Sixteenth Amendment, as stated by the Supreme Court in Brushaber v. Union Pac. R.R. Co.,supra at 18 was "to relieve all income taxes when imposed from apportionment from a consideration of the source whence the income was derived." Thus, since the ratification of the Sixteenth Amendment it is immaterial, with respect to income taxes, whether the tax is a direct or an indirect tax. With regard to her other constitutional claims, petitioner fares no better than she does with her principal challenge. Her contention that respondent's notice of deficiency *488 was an impermissible bill of attainder is without merit. See Porth v. Brodrick,214 F. 2d 925 (10th Cir. 1954). A bill of attainder, according to Black's Law Dictionary, 162 (4th ed. rev. 1968), is: "A legislative act, directed against a designated person, pronouncing him guilty of an alleged crime, (usually treason) without trial or conviction according to the recognized rules of procedure, and passing sentence of death and attainder upon him." It is wholly irrelevant to speak of a bill of attainder in this civil proceeding involving petitioner's income tax liability. It is clear that respondent's deficiency determination was not arbitrary, and it did not violate petitioner's First, Fourth, or Fifth Amendment rights. See Roberts v. Commissioner,62 T.C. 834 (1974); Cupp v. Commissioner,supra;Bowser v. Commissioner,supra. Respondent's determination was made after an audit of the 1974 Federal income tax return which the petitioner filed. Additionally, petitioner has steadfastly refused to present any substantiating evidence with respect to her claimed deductions, even though she apparently possesses some substantiation. *489 Moreover, she has had the benefit of administrative conferences with respondent's representatives as well as a full judicial hearing. To persist in standing on constitutional grounds merely reflects the petitioner's strong distaste for the Federal income tax laws. The deficiency determination is presumptively correct, and petitioner has the burden of proving that it is erroneous. Welch v. Helvering,290 U.S. 111 (1933).Her contention that placing the burden of proof upon her in this case violates her Fifth Amendment privilege against self-incrimination is without substance. Neither she nor respondent has given the Court any reason to believe that a criminal investigation is either presently underway or even a remote possibility. Roberts v. Commissioner,supra.See also Rogers v. United States,340 U.S. 367 (1951); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. per order (9th Cir. 1973). The sole purpose of the present civil case is to determine the existence, if any, of a Federal income tax liability, and, accordingly, the general rule with respect to burden of proof in tax cases is appropriate. *490 See Hartman v. Commissioner,65 T.C. 542 (1975); Cupp v. Commissioner,supra.
Neither petitioner's Sixth Amendment right to counsel nor her Seventh Amendment right to jury trial has been violated here. The right to counsel extends only to criminal prosecutions and is inapplicable in this case. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Furthermore, the petitioner was afforded full opportunity to represent herself at trial pursuant to Rule 24(b), Tax Court Rules of Practice and Procedure. There is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,supra;Bowser v. Commissioner,     F. 2d     (3d Cir. 1977). Finally, petitioner's claim that the Federal income tax places her in a position of involuntary servitude in contravention of the Thirteenth Amendment is unsubstantial and without merit. Porth v. Brodrick,supra.
We reiterate that the petitioner has the burden of proving that respondent's *491 determination is erroneous. In view of our rejection of her constitutional challenges to the Federal income tax laws and her refusal to present any evidence at trial to substantiate her claimed deductions, we have no alternative but to sustain the determination made by the respondent. Accordingly, we hold that petitioner is not entitled to deduct amounts paid by her in 1974 for real estate taxes, charitable contributions, and other miscellaneous expenses, in excess of the amounts previously allowed by respondent. Decision will be entered for the respondent. Footnotes
1. SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (a) Effect of Petition to Tax Court. -- If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and chapter 42 taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 42 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary or his delegate has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except-- (1) As to overpayments determined by a decision of the Tax Court which has become final; and (2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and (3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive. ↩
2. Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F. 2d 406 (2d Cir. 1974); United States v. Wolf,238 F. 2d 447↩ (9th Cir. 1956).
3. The Tariff Act of 1909, which provided in part for a corporate tax, was construed by the Supreme Court to enact not a direct tax on corporate income, but a uniform, indirect excise tax on the privilege of doing business in the corporate capacity, with the measure of the excise being the corporate income. Flint v. Stone Tracy Co.,220 U.S. 107↩ (1911).