NORBERT E. STELTEN AND GWEN A. STELTEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stelten v. Commissioner
Docket No. 13967-81.
United States Tax Court
T.C. Memo 1982-512; 1982 Tax Ct. Memo LEXIS 237; 44 T.C.M. (CCH) 1053; T.C.M. (RIA) 82512; September 9, 1982. Norbert E. Stelten and Gwen A. Stelten, pro se. Stuart D. Gibson, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: In separate notices dated March 19, 1981, respondent determined deficiencies in petitioners' individual Federal income taxes and additions to tax as follows: Norbert E. Stelten
Additions to Tax [1]
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1973
$7,841.50
$3,920.75
$204.47
1974
7,099.85
3,549.93
225.95
Gwen A. Stelten
1973
$3,650.47
$1,825.24
$115.61
1974
2,727.37
1,363.69
86.51
*238 As to petitioner Gwen A. Stelten there are prepayment credit adjustments in the amounts of $14.40 for 1973 and $7.40 for 1974. This case is now before us on respondent's motion for an order to impose sanctions under Rule 104(c). [2] He seeks under Rule 104(c)(3) a judgment by default against each petitioner with respect to the deficiencies and additions to tax under section 6654 because of petitioners' failure to obey an order of this Court dated May 19, 1982, for the production of books, records and documents. With respect to the additions to tax under section 6653(b) respondent requests the Court to enter an order that the affirmative allegations contained in paragraphs 9 and 10 of his answer be deemed admitted, again because of the petitioners' refusal to comply with Court-ordered discovery. *239 After receiving their notices of deficiencies the petitioners timely filed a joint petition contesting the deficiencies and additions to tax. Their petition alleges that they reside in Avon, Minnesota. It is also alleged, among other things, in the petition: o. that the petitioners have validly claimed their right against self-incrimination as grounds for refusing to produce the financial information demanded of him by the Internal Revenue Service. p. that petitioners cannot submit financial information sufficient to refute Respondents determination of deficiency against them without it tending to incriminate them. q. that, in the instant case, if Respondents determination of deficiency against Petitioners is sustained by the Court on the grounds that Petitioners failed to supply evidence to refute it, such would constitute unlawful coercion, compulsion, and infliction of penalties to compel potentially incriminating information. Respondent's answer which was filed on August 17, 1981, contains affirmative and specific allegations with respect to the additions to tax under section 6653(b) for fraud and the defense raised by petitioners regarding the statute of limitations. *240 On November 2, 1981, the petitioners filed a reply to respondent's answer in which they either denied certain allegations in the answer or stated that they did not have sufficient data or information to permit them to admit or deny other alegations. In the reply they reasserted their Fifth Amendment rights After the petitioners failed to produce documents requested by respondent on March 8, 1982, a motion to compel production was filed on April 26, 1982. Petitioners filed an objection to the motion on May 10, 1982, reiterating their rights under the Fifth Amendment and the Fourth Amendment and demanded a jury trial. Respondent's motion was granted and the petitioners were ordered on May 19, 1982, to produce the requested documents on or before June 1, 1982. Petitioners have failed to comply with that order and a subsequent order dated June 15, 1982. Respondent then moved for the imposition of sanctions under Rule 104(c). Petitioners did not respond directly to such motion and did not appear at the hearing held in Washington, D.C., on July 21, 1982. However, they had previously filed an affidavit on June 1, 1982, in which they stated that they were repudiating their Tax Court *241 petition and any and all documents filed with the Court. The attempt of the petitioners to repudiate or withdraw their petition herein is rejected. The jurisdiction of this Court is invoked when a taxpayer, who has received a statutory notice of deficiency from respondent, files a timely petition for the redetermination of such deficiency. Once invoked, the jurisdiction of this Court is exclusive with respect to the years included in the petition. See section 6512(a); Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). In addition, petitioners' contention that the Tax Court is an unconstitutional court lacks merit. See Burns, Stix Friedman & Co., Inc. v. Commissioner,57 T.C. 392 (1971); Bowser, Sr. v. Commissioner, 78-1 USTC par. 9102, 40 AFTR2d 77-5531 (3d Cir. 1977). Petitioners' principal reason for refusing to produce their books, records and other documents is that it would vioalte their Fifth Amendment privilege against self-incrimination. In order to invoke the Fifth Amendment privilege, a taxpayer must be faced with substantial hazards of self-incrimination that are *242 real and appreciable, and must have reasonable cause to apprehend such danger. United States v. Neff,615 F.2d 1235, 1239 (9th Cir. 1980). The Fifth Amendment claim of petitioners merely rests on a generalized fear that, if forced to turn over their records, they would be likely to have criminal tax charges brought against them either for failure to file returns or for tax evasion. Here such a blanket claim of the privilege against self-incrimination is rejected as unjustified. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Rechtzigel v. Commissioner,79 T.C. 132 (1982). All applicable statutes of limitations relating to criminal tax prosecutions involving the years 1973 and 1974 have expired. Petitioner Norbert E. Stelten has already been tried on criminal tax charges for the years 1973 and 1974 and acquitted. He cannot be tried again on those charges under the "double jeopardy" clause of the Fifth Amendment. Moreover, he waived his Fifth Amendment privilege against self-incrimination by voluntarily testifying on his own behalf in the criminal tax trial. Cf. United States v. Pilcher, 82-1 USTC par. 9299 (11th Cir. 1982). *243 There is no right to a jury trial in the Tax Court, and the denial thereof does not violate the Seventh Amendment. Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Swanson v. Commissioner,65 T.C. 1180 (1976). It is clear that this Court has authority to order dismissal of the petition,and thereby enter a decision for respondent with respect to the deficiencies and section 6654 additions to tax where, as here, there has been a complete failure to comply with our discovery order. See Rule 104(c)(3); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), affg. an unpublished order of this Court; Edwards v. Commissioner,supra;McCoy v. Commissioner,76 T.C. 1027 (1981); Rechtzigel v. Commissioner,supra.
As to the additions to tax for fraud, we will impose the following sanctions against the petitioners pursuant to Rule 104(c)(3): (1) we will strike the petitioners' reply to respondent's answer; (2) we will deem admitted all allegations contained in paragraphs 8, 9 and 10 of respondent's answer; and (3) a default judgment will be *244 entered in favor of respondent for the section 6653(b) additions to tax because we find that the facts deemed admitted in respondent's answer are sufficient to establish fraud by clear and convincing evidence. Rechtzigel v. Commissioner,supra. The default here is imposed as a sanction because the petitioners' flaunting of the Court's discovery order has hampered respondent's ability to develop his case.Cf. Norman v. Young,422 F.2d 470, 474 (10th Cir. 1970). Accordingly, respondent's motion to impose sanctions will be granted. The petition will be dismissed, thereby granting judgment for respondent with respect to the deficiencies and section 6654 additions to tax, and a default judgment will be granted in favor of respondent with respect to the section 6653(b) additions to tax. An order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Rule 104(c) provides: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 72 [production of documents and things] * * *, the Court may make such orders as to the failure as are just, and among others the following: (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the case in accordance with the claim of the party obtaining the order. (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence. (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. (4) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of the Court the failure to obey any such order.↩