JAMES MICHAEL FOX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JAMES M. FOX, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fox v. Commissioner
Docket Nos. 26826-82, 33792-83.
United States Tax Court
T.C. Memo 1984-519; 1984 Tax Ct. Memo LEXIS 150; 48 T.C.M. (CCH) 1256; T.C.M. (RIA) 84519; October 1, 1984. James Michael *151 Fox, pro se. Robert Cuatto, for respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In separate statutory notices, respondent determined deficiencies as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a) [1]
1980
$3,761.00
$188.05
$940.25
$240.70
1981
6,176.00
308.80
1,331.24
388.53
Plus for 1981 under sec. 6653(a)(2), 50 percent of the interest due on $6,176.00. In response to the notice of deficiency for 1980, on November 12, 1982, petitioner filed a petition that was docketed as number 26826-82. In response to the notice of deficiency for 1981, on December 5, 1983, petitioner filed a petition that was docketed as number 33792-83. Petitioner was a resident of California at the time he filed these petitions. The later filed petition exemplifies a variation in the trend in which taxpayers seek to draw a "conjurer's circle" around their tax liability. See United States v. Sullivan,274 U.S. 259, 264 (1927). *152 That petition requested that, before accepting the petition for filing, the Court determine whether we have jurisdiction and whether we regard the petition as frivolous for purposes of section 6673. Petitioner would thus invoke sleight of hand to delay satisfaction of his tax liabilities by presenting frivolous arguments while avoiding the consequence prescribed for such action by Congress when it enacted section 6673. Neither extensive citatioin of authority nor elaborate analysis is necessary in order to reach the conclusion that such tactics will not succeed. The petitions filed in each of the above cases are replete with frivolous challenges to respondent's determination and to the jurisdiction of the Court. They contain no facts suggesting that the amounts of incoe determined by respondent do not represent earnings by petitioner during the years in issue. In each proceeding petitioner requested a jury trial. In docket No. 26826-82, he filed successive motions for summary judgment and for more definite statement. Each of those filings lacked any merit whatsoever. The arguments contained in them have been rejected so many times that further discussion is unnecessary. *153 See, e.g., Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court. McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76, T.C. 1027 (1981); Rowlee v. Commissioner,80 T.C. 1111 (1983). See also Blaty v. Commissioner,T.C. Memo. 1984-518. On motion of respondent, the proceedings were consolidated. They were set for trial in Los Angeles, California, on August 15, 1984. Petitioner appeared, argued that the Court did not have jurisdiction, and sought to withdraw his petitions. He declined to present any evidence. Respondent moved for dismissal of the petitions and entry of decisions in favor of respondent for the full amount of the deficiencies and all additions to tax. That motion is granted as to each petition. See Rules 123 and 149(b), Tax Court Rules of Practice and Procedure. Respondent further moved for an award of damages in each case pursuant to section 6673. Our jurisdiction is predicated upon the issuance of a notice of deficiency under section *154 6212 and the timely filing of a petition under section 6213. Those two events occurred in each of the within cases. By the filing of a petition, a taxpayer forestalls the assessment and collection of the deficiency determined by respondent. Section 6213(a) and (c). As a quid pro quo, however, by filing a petition in the Tax Court, the taxpayer relinquishes his option of paying the tax and then suing for a refund in the United States District Court or the United States Claims Court. Section 6512(a); Dorl v. Commissioner,57 T.C. 720, 721-722 (1972), affd. 507 F.2d 406 (2d Cir. 1974). The proceeding thereafter may be terminated by stipulated decision, by decision after trial on the merits, or by dismissal. Unless a dismissal is for lack of jurisdiction, the Court must enter an order finding the deficiency in tax to be the amount determined by respondent in the notice, absent a concession by respondent reducing that amount; the petitioner cannot withdraw the petition "without prejudice." Estate of Ming v. Commissioner,62 T.C. 519 (1974); section 7459(d); Rule 123(d), Tax Court Rules of Practice and Procedure.[2]
*155 Obviously a change of heart by petitioner cannot deprive the Court of jurisdiction once invoked under the controlling statutes. Afortiori, a taxpayer cannot be allowed to tender a petition to be filed only if the Court intends to rule in favor of petitioner.Such abuse and mockery of statutory procedures cannot be tolerated. Section 6673 was designed precisely for the purpose of awarding damages to the United States for instances such as this in which a petitioner seeks to disrupt the system designed to provide a remedy to taxpayers with genuine controversies. See Hatfield v. Commissioner,68 T.C. 895, 899-900 (1977); Wilkinson v. Commissioner,71 T.C. 633, 639-643 (1979); Abrams v. Commissioner,82 T.C. 403 (1984). The frivolous nature of the claims made by petitioner in each of these proceedings compels the conclusion that they were instituted merely for delay. [3] On review of the entire record and the criteria set forth in the above-cited cases, we determine that damages shall be awarded to the United States *156 in the amount of $500 in docket No. 26826-82 and in the amount of $2,500 in docket No. 33792-83. Decisions will be entered for the respondent. *157 Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. See also DeNicola v. Commissioner,T.C. Memo. 1984-479↩.
3. Section 6673, as applicable to docket No. 26826-82, provided: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Section 6673, as applicable to docket No. 33792-83, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩