JAMES D. STEELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steele v. Commissioner
Docket No. 32768-85
United States Tax Court
T.C. Memo 1986-410; 1986 Tax Ct. Memo LEXIS 200; 52 T.C.M. (CCH) 357; T.C.M. (RIA) 86410; September 2, 1986. James D. Steele, pro se. Roslyn G. Taylor, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: *201 This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 and Rules 180, 181, and 182 of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioner's Federal income tax and additions to tax for the taxable years 1978 to 1982, inclusive, as follows: 1978
1979
1980
1981
1982
Income Tax
$5,030.00
$5,549.00
$6,855.00
$7,461.00
$4,643.00
Additions to Tax
Section 6651(a)
101.00
576.00
913.75
1,534.25
636.75
Section 6653(a)
251.50
277.45
342.75
Section 6653(a)(1)
373.05
232.15
Section 6653(a)(2)
* **
Section 6654(a)
61.00
183.00
445.00
199.00
The issues for our decision are (1) whether petitioner is liable for income taxes on the income shown in the notice of deficiency, (2) whether petitioner *202 is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a), and whether we should award damage pursuant to section 6673. Petitioner resided in Augusta, Georgia, at the time his petition was filed. Most of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by reference. For the taxable year 1978, petitioner filed a Form 1040, U.S. Individual Tax Return, which he signed. The only information contained on the form was his name and address. The blocks marked for social security number, occupation, filing status, and exemptions, were marked "object self incrimination" [sic]. Lines 8, 9, 10C, 11 through 27, 30, 32, 36, 38 through 45, 48 through 53, and 55 through 61 of the Form 1040, were also marked "object self incrimination" [sic]. At the top of the form the following was printed, "I offer to amend or refile this return exactly as you wish it, if you please show me how to do so without waiving my Constitutional rights". By letter dated August 28, 1979, mailed registered mail, return receipt requested, the Director of the Western Region Internal Revenue Service Center informed petitioner that *203 the Form 1040 received from him for the 1978 tax year was not acceptable as an income tax return because it did not supply information required by law, and did not comply with Internal Revenue Code requirements. For each of the taxable years 1979, 1980, and 1981, petitioner signed and filed a Form 1040, U.S. Individual Income Tax Return, exactly in the same manner as the 1978 Form 1040. For the taxable year 1982, petitioner filed and signed a Form 1040A, U.S. Individual Income Tax Return, exactly in the same manner as in all the previous years at issue, except without the notation printed at the top of the forms for 1978 through 1981. On August 10, 1983, the Director of the Western Region, Internal Revenue Service Center, mailed another registered letter to petitioner informing him that the Form 1040A received from him for the 1982 tax year did not contain information required by law and that it did not comply with certain Internal Revenue Code requirements. In his notice of deficiency, respondent determined that petitioner failed to report wages which petitioner received for tax years 1978 through 1982 in the amounts and from the sources listed below: Year
Employer
Amount
1978
Howard P. Foley Co.
$2,565.00
Tennessee Valley Authority
8,940.00
Fischbach and Moore, Inc.
1,306.00
Watson-Flagg Electric Co., Inc.
4,112.00
Bechtel Power Corp.
5,971.00
Total
$22,894.00
1979
Code Electric Corp.
$10,559.00
Bechtel Power Corp.
14,407.00
Total
$24,966.00
1980
Code Electric Corp.
$28,059.00
Bechtel Power Corp.
257.00
Total
$28,316.00
1981
Code Electric Corp.
$ 785.00
Bechtel Power Corp.
15,731.00
Dynalectric Co. of New York
13,578.00
$30,094.00
1982
Bechtel Power Corp.
$ 7,982.00
Dynalectric Co. of Nevada
4,773.00
Nevada Employment Security
Department
3,808.00
Simmons Electric Corp.
1,438.00
Jensen Electric, Inc.
5,886.00
Total
$23,887.00
*204 Petitioner does not dispute that he received income from the above listed sources during the years in issue. However, he contends that (1) he is denied due process of law by not being afforded a right to a jury trial guaranteed by the Seventh Amendment to the Constitution and (2) he will be forced to waive his right against self-incrimination provided by the Fifth Amendment to the Constitution if he is required to supply information requested on Forms 1040 and 1040A and to testify at trial. At the trial of this case, counsel for respondent stated that there is no pending criminal prosecution against petitioner, nor is one contemplated. Petitioner bases his objections to complying with the Internal Revenue laws upon long rejected arguments frequently asserted by tax protesters. We will now address them. Petitioner has not been wrongfully denied a jury trial. The Seventh Amendment does not apply to suits against the United States, because there was no common law action against the sovereign. McElrath v. United States,102 U.S. 426, 440 (1880). Thus, it has repeatedly been held that there is no constitutional right to a jury trial in the Tax Court. Phillips v. Commissioner,283 U.S. 589, 599 n. 9 (1931); *205 McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Dorl v. Commissioner,507 F.2d 406 (2d Cir. 1974), affg. 57 T.C. 720 (1972); Rowlee v. Commissioner,80 T.C. 1111, 1115 (1983). To invoke the Fifth Amendment privilege, petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court; United States v. Neff,615 F.2d 1235, 1239 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980). A tax return form which contains no information from which income tax liability can be calculated but merely has assertions of the privilege against self-incrimination does not constitute a tax return within the meaning of the Internal Revenue laws. United States v. Neff,supra at 1238. In order for a document *206 to constitute a tax return of a taxpayer, four criteria must be satisfied. First, it must contain sufficient data from which respondent can compute and assess the taxpayer's liability; second, it must purport to be a return; third, it must represent an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury. Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). Clearly, the Forms 1040 and 1040A filed by petitioner were not income tax returns under the statute. The requirement that citizens file a yearly income tax return does not, of itself, violate their privilege against self-incrimination. This conclusion is implicit from the Supreme Court holding in United States v. Sullivan,274 U.S. 259 (1927), that the privilege does not justify an outright refusal to file any tax return at all. United States v. Neff,supra at 1235. We find that there were no substantial hazards of self-incrimination that were real and appreciable and that confronted petitioner at the time he filed his *207 Forms 1040 and 1040A, or when this case was called for trial. Therefore, he cannot hide behind the privilege against self-incrimination in his refusal to testify or file Forms 1040 and 1040A that comply with Internal Revenue Code requirements. Respondent's determination of the income tax deficiencies is presumptively correct and the burden of proof is upon petitioner to show that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioner's Fifth Amendment privilege against self-incrimination does not relieve petitioner of his burden of proof under our Rule 142(a), particularly where, as here, we have concluded that his Fifth Amendment claim is without merit. Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); see Roberts v. Commissioner,62 T.C. 834 (1974). See also Rockwell v. Commissioner,512 F.2d 882 (9th Cir. 1975), cert. denied 423 U.S. 1015 (1975). Petitioner admitted that he received income from all of the sources shown in the notice of deficiency and has offered no evidence to show that any of the amounts contained therein are incorrect. *208 Accordingly, we sustain respondent's determination. Respondent also determined that petitioner was liable for additions to tax under section 6651(a)(1) for failure to file income tax returns. Petitioner has stipulated and we have found that the Forms 1040 filed for tax years 1978 through 1981, and the Form 1040A filed for tax year 1982, were not income tax returns as contemplated under the Internal Revenue Code. Petitioner was required to file returns for all years at issue. See sec. 6012; sec. 1.6012-1, Income Tax Regs. Further, petitioner presented no evidence excusing himself from those requirements other than his Fifth Amendment argument which we have found to be without merit. Accordingly, we find that he is liable for the additions to tax under section 6651(a). Thompson v. Commissioner,78 T.C. 558, 562-563 (1982). Respondent also determined that petitioner was liable under section 6653(a) for additions to tax for negligence and intentional disregard of the rules and regulations. This determination will be upheld unless petitioner shows that the underpayments of tax were not due to negligence or intentional disregard of the rules and regulations. McGahen v. Commissioner,76 T.C. 468, 484 (1981), *209 affd. without published opinion 720 F.2d 664 (3d Cir. 1983). Again, petitioner's sole argument is that he is protected by the Fifth Amendment, which we reject. Consequently, we find for respondent on this issue. Finally, we must decide whether to award damages to the United States under section 6673. This Court may award damages of up to $5,000 whenever the taxpayer institutes or maintains proceedings before us primarily for delay or the taxpayer asserts a frivolous or groundless position in such proceedings. We find that petitioner's contentions are frivolous and groundless in light of the cases cited above (and numerous others considering these same arguments), and in light of our admonition to him during a pretrial conference where we explained why his arguments lacked merit. We are satisfied that petitioner has instituted this proceeding primarily for delay. Abrams v. Commissioner,82 T.C. 403 (1984); Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Accordingly, we award $5,000 of damages to the United States. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of interest due on underpayment of $6,137.00 ** 50% of interest due on underpayment of $2,547.00↩