ROBERT J. ERCHAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erchak v. Commissioner
Docket No. 379-89
United States Tax Court
T.C. Memo 1990-3; 1990 Tax Ct. Memo LEXIS 3; 58 T.C.M. (CCH) 1116; T.C.M. (RIA) 90003; January 2, 1990
*3 Held: Respondent's motion for summary judgment will be granted in part. Robert J. Erchak, pro se. Robert E. Williams, Jr., for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: This case is before the Court on Respondent's Motion for Summary Judgment, filed October 6, 1989. The case is presently calendared for trial at the Court's trial session commencing on January 22, 1990, in Baltimore, Maryland. In his statutory notice of deficiency dated October 11, 1988, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6654
6661
1983
$ 39,705
$ 3,417
$ 1,985   *
$ 438
$ 3,417
1984
36,280
2,750
1,814   *
294
2,750
1985
40,758
2,875
2,038   *
-0-
2,875
1986
37,477
2,764
[2] *4 1,874   *
-0-
2,764 Petitioner, acting pro se, timely filed a petition with this Court. In his petition, petitioner neither assigned error nor alleged facts with respect to respondent's deficiency determinations. However, petitioner challenged the correctness of each addition to tax determined by respondent. Petitioner alleged no facts in support of the assignments of error which he alleged regarding the challenged additions. In his answer, respondent denied petitioner's assignments of error. Petitioner resided in Bunker Hill, West Virginia, at the time he filed his petition. Respondent maintains in his Motion for Summary Judgment that all of the facts necessary for a decision in this case have been established pursuant to Rule 90(c) by reason of petitioner's failure to respond to Respondent's Request for Admissions (Request), and that he is entitled to a decision under Rule 121 as a matter of law. Under Rule 90(c), each request for admission *5 is deemed admitted unless an answer or an objection is served on the requesting party "within 30 days after service of the request * * *." In our discretion, we may allow a party more than 30 days to respond. Rules 90(c) and 25(c). However, a motion to extend the time to respond to a request for admissions must be made prior to the expiration of the 30-day response period. Dahlstrom v. Commissioner, 85 T.C. 812, 817-818 (1985); Morrison v. Commissioner, 81 T.C. 644, 646-647 (1983). If the time to respond passes without extension and neither answers nor objections are served on the requesting party within such time, each request is automatically deemed admitted at the end of the 30-day response period. Morrison v. Commissioner, supra at 647. Respondent served his Request on petitioner on August 17, 1989. [3] Petitioner neither obtained an extension of time to respond nor responded to respondent's Request by answering or objecting within the time allowed. The 30-day response period expired on September 18, 1989. Therefore, each request contained in respondent's Request was deemed admitted on September 19, 1989. Dahlstrom v. Commissioner, supra at 818; Morrison v. Commissioner, supra; *6 Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c). We infer from petitioner's complete failure to respond to respondent's Request, and from other documents petitioner filed, which are replete with tax-protester type assertions, that he never had any intention of answering the allegations contained in respondent's Request. Therefore, we conclude that petitioner should not be excused from his failure to make a timely and adequate answer or objection to respondent's Request. Accordingly, the deemed admissions procured by respondent under Rule 90 are conclusively established. We adopt the deemed admissions as our own findings, and they are incorporated herein by this reference. Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, *7 depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The moving party bears the burden of proving that no genuine issue as to any material fact exists, and that he is entitled to judgment on the substantive issues as a matter of law. Naftel v. Commissioner, supra; Espinoza v. Commissioner, supra. In deciding whether to grant summary judgment, we view the factual material and inferences drawn therefrom in the light most favorable to the opposing party. Naftel v. Commissioner, supra; Jacklin v. Commissioner, supra.However, the party opposing summary judgment may not simply rest upon the mere allegations or denials of his pleadings; his response, by affidavit or otherwise, must set forth specific facts showing the existence of a genuine issue for trial. Rule 121(d). Respondent relies on the pleadings, the deemed admissions, and his affidavit to show that there are no material *8 facts in dispute in this case. Such an approach is appropriate under the Rules of this Court. Dahlstrom v. Commissioner, supra at 820-822; Morrison v. Commissioner, supra at 651. Petitioner, on the other hand, has failed to set forth specific facts tending to show that the admissions are incomplete, misleading, or taken out of context. Instead, petitioner rests entirely upon various frivolous tax protester arguments which he raised in his Response to respondent's motion. Petitioner styled his Response as an "Affidavit of Revocation and Rescission," and filed it with the Court on October 20, 1989. Petitioner's arguments are utterly lacking in merit; we have repeatedly rejected the legal theories petitioner advanced in his Response. Petitioner was a "person" required by section 6012(a) to file Federal income tax returns for the years in issue. See sec. 7701(a)(1) and (14). Respondent determined deficiencies in and additions to tax and issued a valid notice of deficiency pursuant to sections 6211 and 6212. Petitioner filed a timely petition pursuant to section 6213 invoking the jurisdiction of this Court. Dorl v. Commissioner, 57 T.C. 720, 721 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). *9 Contrary to petitioner's contention, the system of voluntary self-assessment does not prohibit respondent from determining deficiencies. Further, the Federal tax laws are constitutional, and since ratification of the 16th Amendment it is immaterial whether the Federal income tax is a direct or indirect tax. Brushaber v. Union Pac. R.R. Co., 240 U.S. 1 (1916). Moreover, it is well established that wages and compensation for services or labor are taxable income. Eisner v. Macomber, 252 U.S. 189, 207 (1920); Reading v. Commissioner, 70 T.C. 730, 734 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980); sec. 61(a). Petitioner is clearly subject to the Federal income tax laws and the statutory requirement of filing timely returns. Rowlee v. Commissioner, 80 T.C. 1111 (1983); secs. 1, 6001, 6011, and 6012. We refrain from commenting further upon the frivolous nature of the arguments petitioner advanced in opposition to respondent's motion because courts have so frequently considered and rejected similar arguments. We have reviewed all of the materials in the record, including the notice of deficiency, pleadings, deemed admissions, respondent's memorandum and affidavit in support of *10 his motion, and petitioner's Response. Based on that review, we conclude that respondent procured deemed admissions under Rule 90(c) which conclusively establish the facts necessary to support his determination of deficiencies and additions to tax for the years in issue. Petitioner neither sought to disavow those facts nor propounded any additional or rehabilitating facts. Accordingly, we hold that, with the one exception described below, no genuine issue of material fact exists, and that respondent is entitled to a decision under Rule 121(b) as a matter of law. Petitioner is deemed to have admitted that during the years 1983 through 1986 he realized wage income in the amounts of $ 95,816, $ 98,035, $ 108,460, and $ 100,544, respectively, as an employee of Eastern Airlines. Furthermore, petitioner is deemed to have admitted each of the other facts essential to respondent's deficiency determination (e.g., amounts and sources of other taxable income, excess itemized deductions, number of personal exemptions, and filing status). We uphold the deficiencies determined by respondent for the years in issue, since petitioner's deemed admissions establish the correctness of those deficiencies. *11 Section 6651(a)(1) provides an addition to tax for failure to file a return. Petitioner is deemed to have admitted that he failed without reasonable cause to file income tax returns for the taxable years 1983 through 1986. Accordingly, we uphold respondent's determination of addition to tax under section 6651(a)(1) for each of the years in issue. Section 6653(a)(1) provides an addition to tax if any part of an underpayment of tax is due to negligence or disregard of rules and regulations. Section 6653(a)(2) provides an addition to tax in the amount of 50 percent of the interest due on the portion of the underpayment attributable to negligence. For the year 1986, section 6653(a)(1)(A) and section 6653(a)(1)(B) contained those same provisions. Petitioner is deemed to have admitted that the underpayment of tax during the years in issue was due to negligence or intentional disregard of rules or regulations. Accordingly, we uphold respondent's determination of additions to tax for negligence for each of the years in issue. Section 6654 provides an addition to tax for the underpayment of estimated tax, which is mandatory absent a showing by petitioner that one of several statutorily *12 provided exceptions applies. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Under section 6654(h), [4] no addition to tax is imposed under section 6654(a) if: (1) the taxpayer's preceding taxable year was a taxable year of 12 months; (2) the taxpayer did not have any tax liability for the preceding taxable year; and (3) the taxpayer was a citizen of the United States throughout the preceding taxable year. Petitioner alleged in his petition that he satisfied this exception. In light of our decision upholding respondent's deficiency determinations, petitioner fails to satisfy the second requirement of such exception with respect to the section 6654 addition for 1984 because of his 1983 tax liability. Thus, summary judgment upholding the section 6654 addition for 1984 is appropriate. However, it is not apparent from reviewing the materials in the record whether the exception upon which petitioner relies applies with respect to the section 6654 addition for 1983. Accordingly, we reserve our decision regarding the appropriateness of summary judgment with *13 respect to the section 6654 addition to tax for 1983 to afford both parties an opportunity to set forth specific facts demonstrating the applicability or inapplicability of section 6654(h). Section 6661 provides an addition to tax in an amount equal to 25 percent of any underpayment attributable to a substantial understatement of income tax. Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498, 503 (1988). Petitioner has offered no proof or argument indicating that the section 6661 additions determined by respondent should not be upheld. Because the deficiencies that we uphold qualify as "substantial understatements" as defined in section 6661(b), summary judgment upholding the section 6661 additions is also appropriate. In sum, respondent's motion will be granted to the extent that it seeks a summary adjudication in his favor of the deficiencies for 1983, 1984, 1985, and 1986 set forth in the notice of deficiency, and the additions to tax for those years under sections 6651(a)(1), 6653(a)(1), [5] 6653(a)(2), [5] and 6661 also set forth therein. Said motion will also be granted to the extent that respondent seeks summary adjudication in his favor of the addition to tax for 1984 under *14 section 6654. However, we reserve our decision regarding the appropriateness of summary adjudication with respect to the section 6654 addition to tax for 1983 for the reasons stated above. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on the underpayment (deficiency) determined respectively for each year↩
2. Section 6653(a)(1) and section 6653(a)(2) were redesignated as section 6653(a)(1)(A) and section 6653(a)(1)(B), respectively, by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1503(a), 100 Stat. 2742. Thus, respondent determined the negligence additions to petitioner's 1986 tax pursuant to those redesignated sections. 3. Service by mail of all papers other than the petition is complete upon mailing the paper to the party or his counsel at his last known address. The date of mailing is the date of service. Rule 21(b). Consequently, petitioner was served with respondent's Request on August 17, 1989, when respondent mailed such request to petitioner at his last known address.↩
4. Section 6654(h) was redesignated as section 6654(e)(2) by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 411, 98 Stat. 790.↩
5. Redesignated as section 6653(a)(1)(A). See n. 2, supra↩. 5. Redesignated as section 6653(a)(1)(B). See n. 2, supra↩.