T.C. Memo. 1996-182

UNITED STATES TAX COURT

KEITH ROBERT BRADBURY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23890-92.                    Filed April 15, 1996.

Keith Robert Bradbury, pro se.

Michael D. Zima, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent
determined deficiencies in petitioner's 1988 and 1989 Federal
income taxes in the respective amounts of $998 and $1,389.  In
addition, respondent determined that petitioner was liable for an

---

[1]  Unless otherwise indicated, all section references are to the
Internal Revenue Code in effect for the years at issue, and all
Rule references are to the Tax Court Rules of Practice and
Procedure.

addition to tax under section 6653(a) for 1988 in the amount of $50, and an accuracy-related penalty under section 6662 with respect to 1989 in the amount of $278.

The issues are: (1) Whether this Court is unconstitutional and lacks jurisdiction over petitioner's tax deficiencies; (2) whether petitioner was engaged in the trade or business of being a broker during the years at issue, and, if so, whether petitioner is entitled to various deductions as claimed on his Schedules C for those years; (3) whether petitioner is liable for an addition to tax pursuant to section 6653(a) for 1988; and (4) whether petitioner is liable for an accuracy-related penalty with respect to 1989 pursuant to section 6662.

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated by this reference. Petitioner resided in Inverness, Florida, at the time his petition was filed in this case.

In or around 1979, petitioner resided in Indianapolis, Indiana, and worked as a business broker and consultant. He formed K.R. Bradbury & Associates, Inc. (KRBA) in or about 1980, a corporation engaged in selling businesses and in management consulting. In 1982, petitioner sold one-third of KRBA to Ray Leonard, a licensed real estate agent, and changed the corporate name to Bradbury, Leonard & Associates, Inc. (BLA). Shortly thereafter, petitioner sold his remaining interest in BLA to a third party and formed Executive Computer Corp. (ECC), a

corporation engaged in the development and sale of computers and software.

ECC was ultimately unsuccessful, and, in 1985, petitioner abandoned the corporation and moved to Florida. Petitioner obtained a Florida real estate broker license, and went to work for IBEX Business Brokers, Inc. (IBEX). According to his own testimony, petitioner did not sell a single property during his tenure with IBEX, and, at some point thereafter, he went to work for the School Board of Pinellas County as an engineer and consultant. During 1988 and 1989, the years at issue, petitioner earned an annual income from his position with the School Board in the respective amounts of $20,989.55 and $28,116.43.

Petitioner testified that although he worked full time for the School Board, approximately 40 hours each week, he had time during the day for other activities. He further testified that he used this time, in addition to evenings and weekends, to independently pursue his brokerage activities, spending 15 to 20 hours per week trying to list and sell properties. To date, he has yet to sell any such property.

Petitioner maintained no formal ledgers or records of his brokerage activities, nor did he maintain separate bank accounts. He did not have a separate business telephone number and did not advertise his services on a regular basis.

On the Schedules C attached to his 1988 and 1989 Federal income tax returns, petitioner claimed the following deductions with respect to his brokerage activities:

| Expense | 1988 | 1989 |
|---|---|---|
| Advertising | $114 | $83 |
| Bank service charges | 10 | 9 |
| Car and truck expenses | 1,440 | 1,009 |
| Depreciation | 4,190 | 3,088 |
| Dues and publication | 81 | -0- |
| Freight | -0- | 606 |
| Insurance | 42 | -0- |
| Legal and professional fees | 153 | 287 |
| Office expenses | 99 | 271 |
| Supplies | 45 | 269 |
| Travel | 62 | 222 |
| Meals | 96 | 145 |
| Utilities | 138 | -0- |
| "Biof Project" | 196 | -0- |
| "R & D Tools" | -0- | 600 |
| "Elect. Resc." | -0- | 62 |
| "ANW Srvcs." | -0- | 135 |
| Postage | -0- | 59 |
| Total | 6,666 | 6,845 |

Petitioner reported no income during 1988 and 1989 other than the wages he earned as an engineer for the School Board.

Respondent determined that petitioner did not engage in brokerage activities for profit and therefore disallowed all of the deductions claimed attributable thereto. Alternatively, respondent determined that petitioner failed to substantiate the deductions and to prove that the expenditures were ordinary and necessary to any business that he conducted.

As a preliminary matter, petitioner argues that the U.S. Tax Court is unconstitutional because it unfairly shifts the burden

of proof to the taxpayer and allegedly denies taxpayers their right under the Seventh Amendment to a jury trial. Petitioner's arguments have been consistently rejected by this Court and others, and we have no persuasive reason to depart from the analysis of these cases. E.g., <u>Freytag v. Commissioner</u>, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); <u>Swanson v. Commissioner</u>, 65 T.C. 1180, 1182 (1976) ("a taxpayer is not entitled to a jury trial in the Tax Court") (citing <u>Cupp v. Commissioner</u>, 65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1107 (3d Cir. 1977); <u>Roberts v. Commissioner</u>, 62 T.C. 834, 838 (1974) (burden of proof); <u>Dorl v. Commissioner</u>, 57 T.C. 720, 721-722 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974); <u>Burns, Stix Friedman & Co., Inc. v. Commissioner</u>, 57 T.C. 392 (1971) (the Tax Court is an Article I Court and its exercise of jurisdiction does not violate Article III)). Based on the reasoning of these cases, and in light of petitioner's failure to present any credible evidence to the contrary, we find petitioner's arguments devoid of any legal merit. Accordingly, respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992).

All taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001; <u>Meneguzzo v. Commissioner</u>, 43 T.C. 824, 831-832 (1965).

Moreover, deductions are strictly a matter of legislative grace, and a taxpayer has the burden of establishing that he or she is entitled to any deduction claimed on a return. Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Where a taxpayer conducts an activity not as a trade or business, section 183 allows deductions generally to the extent that the activity generates gross income. To be engaged in a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity and * * * the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).

Whether petitioner is engaged in business and real estate brokerage for profit depends on whether the activities were undertaken with an "actual and honest objective" of making a profit. Elliott v. Commissioner, 90 T.C. 960, 970 (1988), affd. without published opinion 899 F.2d 18 (9th Cir. 1990); Fuchs v. Commissioner, 83 T.C. 79, 98 (1984); Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). While a reasonable expectation of a profit is not required, petitioner must have entered into the activity, or continued it, with the bona fide objective of making a profit, as

judged by all the facts and circumstances. <u>Taube v. Commissioner</u>, 88 T.C. 464, 478-479 (1987); <u>Poast v. Commissioner</u>, T.C. Memo. 1994-399; sec. 1.183-2(a), Income Tax Regs.

The regulations set forth nine nonexclusive factors for consideration in determining whether an activity is engaged in for profit. Sec. 1.183-2(b), Income Tax Regs. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. Furthermore, if a taxpayer has substantial income from sources other than the activity in question, it may be an indication that the activity is not engaged in for profit, particularly if the losses from the activity generate substantial tax benefits. Sec. 1.183-2(b), Income Tax Regs.

No single factor is controlling. <u>Abramson v. Commissioner</u>, 86 T.C. 360, 371 (1986); <u>Golanty v. Commissioner</u>, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981). The taxpayer's stated intention to make a profit is

not determinative; greater weight is given to objective factors rather than to the taxpayer's mere statement of intent. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). Moreover, section 262 generally precludes a taxpayer from deducting personal, living, or family expenses.

Based on the record, we find that petitioner lacked the requisite profit objective in carrying on his brokerage activities. Petitioner contends that he carried on his brokerage activities in a regular and continuous manner; however, the evidence he presented at trial indicates otherwise. Petitioner introduced 12 documents, including several form letters from petitioner while he was associated with BLA and IBEX with names of various companies inserted in the blanks and dated as far back as September 10, 1982, letters regarding petitioner's membership in a broker association, subscriptions to newsletters, lists of potential buyers, and letters to petitioner regarding his status as a "valued referral source" for Guaranty Acceptance Capital Corporation (GACC) dated in late 1989 or 1990. Petitioner also introduced a brochure for K.R. Bradbury & Associates and a receipt for the printing thereof dated September 15, 1988.

These documents do not demonstrate a regular and continuous pursuit of brokerage activities for profit during the years at issue. Most of the letters are dated prior to 1988, none of the documents are dated in 1988, and it appears that the only document dated during 1989 was the letter to petitioner regarding

GACC.  Petitioner did not maintain a business bank account, despite having deducted service charges as a business expense for both years at issue.  He also admitted at trial that he failed to keep organized records or receipts of expenses, and failed to provide receipts supporting the majority of expenses claimed on his returns.

Although petitioner appears to have some experience in the area of brokerage, he conceded that he has not sold one piece of property or business enterprise in all of his years engaged in this activity, with the exception of the sales of one-third of his interest in KRBA to Mr. Leonard, and, later, his remaining interest in KRBA to third parties.  Petitioner did not present documentation of these transactions, and the record fails to indicate whether his role in the transactions was that of a broker or simply a seller.

Petitioner testified that he spent 15 to 20 hours per week on brokerage activity and was regularly contacting potential sellers and buyers.  However, the receipts presented by petitioner in support of this contention are dated almost exclusively during the Christmas and Labor Day weekend holidays.  Moreover, the travel was largely to Indianapolis, Indiana, where his son lives with petitioner's former wife, and several of the receipts presented in support of his "business" expenses were for tickets to Sea World and Disneyland.

Petitioner argues that his failure to achieve success in the brokerage business should not preclude a determination that he is engaged in such activity for profit.  He insists that he has a good faith profit motive and that the Internal Revenue Service and this Court should not be permitted to decide otherwise since we allegedly lack any brokerage experience.  It is well settled that we are not required to accept self-serving testimony in the absence of corroborating evidence.  Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).  Based on the foregoing, we conclude that petitioner was not engaged in a brokerage business for profit, and, accordingly, having received no income from that source, is not entitled to claim a deduction for any expenses related thereto during the years at issue.

We next consider whether petitioner is liable for an addition to tax for negligence under section 6653(a)(1) for 1988 and an accuracy-related penalty under section 6662 for 1989. Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of an underpayment of tax was due to negligence or intentional disregard of rules or regulations. Negligence is defined by section 6653(a)(3) as the failure to exercise the due care of a reasonable and ordinarily prudent person under similar circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Under section 6662, there shall be added to the tax an amount equal to 20 percent of the portion of the

underpayment that is attributable to negligence or disregard of rules or regulations. Under section 6662(c), negligence includes any failure to make a reasonable attempt to comply with the law and the term "disregard" includes any careless, reckless, or intentional disregard. Failure to maintain adequate records may constitute negligence. <u>Schroeder v. Commissioner</u>, 40 T.C. 30, 34 (1963); <u>Johnson v. Commissioner</u>, T.C. Memo. 1991-346, affd. without published opinion 8 F.3d 811 (3d Cir. 1993).

As noted, it is the responsibility of petitioner to maintain books and records sufficient to accurately establish the amount of his deductions. Sec. 6001. Petitioner failed to maintain organized records and receipts of the expenses claimed on his returns for the years at issue, clearly claimed deductions for items of a personal nature, and did not present any evidence with respect to his liability for the above addition and penalty. We conclude that petitioner is liable for the addition to tax under section 6653(a) and the accuracy-related penalty under section 6662 as determined by respondent.

<u>Decision will be entered for respondent</u>.