CAPITAL BUILDING & LOAN ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10601. Promulgated June 4, 1928.

*L. L. Hamby, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

PHILLIPS: The Commissioner determined deficiencies in tax to be due from the petitioner for the years 1918 to 1923, inclusive, and notified the petitioner thereof. The petitioner duly filed its petition with the Board on January 4, 1926. The respondent filed his answer on February 23, 1926, wherein he denied the allegations of error set forth in the petition and alleged that in computing the deficiency the Commissioner had overstated petitioner's invested capital. The effect of the answer was to allege that the amount of the deficiency determined by the Commissioner should be increased.

The proceeding duly came on for hearing on February 28, 1928, at which time it appeared that the petitioner had, on the previous day, filed with the Board a paper entitled in this proceeding and signed by counsel for petitioner, reading:

PRAECIPE WITHDRAWING APPEAL.

The Clerk of the Board of Tax Appeals will please enter the above entitled appeal withdrawn.

Argument was had upon the right of the petitioner to withdraw this proceeding, counsel for the respondent taking the position that the petitioner should proceed before the Board. The matter was taken under advisement and no hearing was then had on the merits.

It should be noted at the outset that under the provisions of law creating the Board (section 900 of the Revenue Act of 1924 as amended by section 1000, Revenue Act of 1926) the Board is to act either through a majority of its members or through a division composed of one or more members. It seems clear that the Clerk of the Board has no authority to " enter the above entitled appeal withdrawn " and that if any such action is to be taken it must be by action of the Board or of a division thereof. We therefore treat the document as a request or direction to the Board.

When a proceeding is instituted before this Board there come into being other rights than that of the petitioner to secure a redetermination of his tax liability. The filing of the petition imposes certain restrictions upon the respondent in the assessment and collection of the tax. It may affect the period of limitations on assessment or collection and the right of the Commissioner to thereafter increase the

tax. It also creates in the respondent the right to set up a demand that the deficiency should be increased.

Section 907(b) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926, makes it the duty of the Board to make a decision in each case before it. It contemplates a decision on the merits except where the proceeding is dismissed, in which case the Board is required to enter a decision that the deficiency is the amount determined by the Commissioner. · It may be that these provisions should not be so construed as to deny the parties the right, on consent, to withdraw a proceeding from further consideration by the Board. When, however, we read the provisions of the Act as a whole, it seems clear to us that either party has the right to insist that the Board shall enter an order redetermining the deficiency, either on the merits or on default.

Although we are of the opinion that the request should not be granted for the reasons stated, it might also be noted that the request here is not to discontinue the proceeding or withdraw the proceeding from further consideration but to withdraw the appeal. The word "appeal" was used in the Revenue Act of 1924, as descriptive of the pleading to be filed with the Board by the taxpayer (section 274(a)). It is not clear whether the request, if granted, would have the effect of a withdrawal of the pleading filed, leaving the record as if no proceeding had been begun, or of withdrawing the proceeding from further consideration. Counsel for the petitioner states that he seeks the latter result. The form of the instrument does not make this certain.

The request of the petitioner will be denied and an order will be entered restoring the proceeding to the calendar for hearing on the merits.

Reviewed by the Board.