ESTATE OF WILLIAM R. MING, JR., DECEASED, IRVENA H. MING, ADMINISTRATOR WITH THE WILL ANNEXED AND IRVENA H. MING, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 177–71. Filed July 15, 1974.

*Aldus S. Mitchell*, for the petitioners.
*William L. Ringuette*, for the respondent.

#### OPINION

DRENNEN, *Judge:* Respondent, by notice of deficiency dated October 8, 1970, determined deficiencies in petitioners' income taxes for the years 1964, 1965, and 1966 in the total amount of $2,714.07, and additions to tax under section 6653(b)[1] in the total amount of $8,992.17. Petitioners filed a timely petition in the Tax Court for redetermina-

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.

tion of those deficiencies on January 6, 1971. The case was set for trial on a trial calendar of the Tax Court starting February 4, 1974, in Chicago, Ill. On January 25, 1974, petitioners filed a motion to continue the case and a motion for leave to withdraw the petition without prejudice. Upon request of counsel for petitioners for leave to file a memorandum brief in support of petitioners' motion to withdraw, the Court took petitioners' motion to withdraw under advisement and granted the motion for continuance. The only issue for consideration at this time is whether petitioners' motion to withdraw the petition without prejudice may or should be granted.

We believe a brief résumé of the proceedings in this case to date would be helpful.

Respondent filed a timely answer to the petition, which also alleged facts upon which he relied to sustain the issue of fraud, the burden of proof of which is placed on respondent by statute. Sec. 7454(a). Petitioners did not file a reply to the affirmative allegations in respondent's answer. Respondent thereupon filed a motion for entry of an order that the undenied allegations of his answer be deemed admitted. See then Rule 18(c), Tax Court Rules of Practice and Procedure. The petitioners did not reply to the motion, and at a hearing on August 25, 1971, the Court granted respondent's motion in part.

The case was set for trial on Tax Court trial calendars on March 20, 1972, and March 19, 1973. It was continued both times, once on respondent's motion and once on petitioners' motion. William R. Ming, Jr., died June 30, 1973, and Irvena H. Ming was appointed administrator with will annexed of his estate. The case was again set for trial in Chicago on February 4, 1974. On January 21, 1974, respondent filed a motion for leave to file an amendment to his answer. This motion was granted on February 4, 1974. In the amendment to his answer, respondent claimed, in the alternative, that in the event it is held that petitioners are not liable for the additions to tax under section 6653(b) (fraud), they are liable for additions to tax under sections 6651 (late filing) and 6653(a) (negligence) for each of the years involved. In support of his alternative claims for additions to tax under sections 6651 and 6653(a), respondent relies on the doctrine of collateral estoppel by virtue of the conviction of William R. Ming, Jr., of willfully failing to file timely income tax returns for 1963, 1964, 1965, and 1966 under 26 U.S.C. section 7203.

On brief petitioners predicate the reason for their motion to withdraw without prejudice on respondent's change in position on the additions to tax, which, they claim, if known at the inception, would have militated against their invoking the jurisdiction of this Court and because of their desire to have the issues tried by a jury.

At the outset, we doubt that respondent's pleading the additions to tax under sections 6651 and 6653(a) in the alternative substantially motivated petitioners to file their motion to withdraw. Whether the doctrine of collateral estoppel would deprive petitioners of a defense to these additions to tax would be a question of law which would not be presented to a jury. Furthermore, respondent claims them only in the event it should be decided that petitioners are not liable for the addition to tax under section 6653(b) (fraud), and the fraud issue has been in the case since its inception.

But more basically there is sound legal precedent which requires denial of petitioners' motion to withdraw *without prejudice*. We assume the motion means that petitioners may withdraw their petition in the Tax Court, pay the deficiencies, and sue for refund in the United States District Court.

In the recent case of *Emma R. Dorl*, 57 T.C. 720, 721–722 (1972), this Court held that a taxpayer's motion for removal of her case to the United States District Court, after issuance of a notice of deficiency and filing a petition in the Tax Court, must be denied; and also that the taxpayer was not entitled to a jury trial in the Tax Court. In our opinion in that case, we said:

Where, as here, a taxpayer receives a notice of an income tax deficiency and files a timely petition with the United States Tax Court, he gives the Tax Court exclusive jurisdiction. See sec. 6512(a), I.R.C. 1954. Thereafter, a refund suit in the U.S. District Court for the same tax and the same taxable year is barred. The mere filing of the petition in the Tax Court is enough to deprive a U.S. District Court of jurisdiction for years as to which the petition was filed. See *United States* v. *Wolf*, 238 F. 2d 447 (C.A. 9, 1956) ; *Brooks* v. *Driscoll*, 114 F. 2d 426 (C.A. 3, 1940) ; *American Woolen Co.* v. *White*, 56 F. 2d 716 (C.A. 1, 1932) ; *Avery* v. *United States*, 247 F. Supp. 611 (D. N.Y. 1965) ; *McDonald* v. *United States* (M.D. Tenn. 1966, 18 A.F.T.R. 2d 5215, 66–2 U.S.T.C. par. 9516) ; *Roberts* v. *Commissioner* (D.S.C. 1971, 28 A.F.T.R. 2d 71–5562, 71–2 U.S.T.C. par. 9625). This is the rule even where the Tax Court petition was dismissed, *Fiorentino* v. *United States*, 226 F. 2d 619 (C.A. 3, 1955), or the issue sought to be litigated was not presented in the Tax Court, *Bear Mill Mfg. Co.* v. *United States*, 93 F. Supp. 988 (S.D.N.Y. 1950). It is significant that it is the taxpayer's action in filing a valid petition in the Tax Court, under circumstances which give the Tax Court jurisdiction, and not any action taken by the Court, that bars a subsequent refund suit in the U.S. District Court. *Elbert* v. *Johnson*, 164 F. 2d 421, 424 (C.A. 2, 1947) ; *Holzer* v. *United States*, 250 F. Supp. 875 (E.D. Wis. 1966), affd. 367 F. 2d 822 (C.A. 7, 1966).

It is now a settled principle that a taxpayer may not unilaterally oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy. See *Main-Hammond Land Trust*, 17 T.C. 942, 956 (1951), affd. 200 F. 2d 308 (C.A. 6, 1952) ; *United States* v. *Shepard's Estate*, 196 F. Supp. 281, 284 (N.D.N.Y. 1961), affirmed as modified on other issues 319 F. 2d 699 (C.A. 2, 1963) ; and *Nash Miami Motors, Inc.* v. *Commissioner*, 358 F. 2d 636 (C.A. 5, 1966), affirming a Memorandum Opinion of this Court.

[Fns. omitted.]

Our opinion in the *Dorl* case is supported not only by the cases cited therein, but also by the legislative history of sections 6512(a) and 7459(d),[2] which had their origins in sections 284(d) and 906(c) of the Revenue Act of 1926, respectively. The significance of those provisions is explained in the Senate Finance Committee Report (S. Rept. No. 52, 69th Cong., 1st Sess., 1939–1 C.B. (Part 2) 351), as follows:

But if he [the taxpayer] does elect to file a petition with the Board his entire tax liability for the year in question (except in case of fraud) is finally and completely settled by the decision of the Board when it has become final, whether the decision is by findings of fact and opinion, *or by dismissal*, as in case of lack of prosecution, insufficiency of evidence to sustain the petition, *or on the taxpayer's own motion*. The duty of the Commissioner to assess the deficiency thus determined is mandatory, and no matter how meritorious a claim * * * for refund he cannot entertain it, nor can suit be maintained against the United States * * *. Finality is the end sought to be attained by these provisions of the bill, and the committee is convinced that to allow the reopening of the question of the tax for the year involved either by the taxpayer or by the Commissioner (save in the sole case of fraud) would be highly undesirable. [Emphasis added.]

While we were concerned in the *Dorl* case with petitioner's motion to remove the case to the District Court, and here we have petitioners' motion to withdraw without prejudice, the reasoning in the *Dorl* opinion applies with equal force to require us to deny petitioners' motion in this case. Under section 7459(d), if a petition has been filed by the taxpayer in the Tax Court and the Court dismisses the case for any reason other than lack of jurisdiction, the Court must enter an order finding the deficiency in tax to be the amount determined by the Commissioner in his notice of deficiency, unless the Commissioner reduces the amount of his claim. See also Rule 123(d) of the Tax Court Rules. Thus, if we were to grant petitioners' motion, we would be required to enter a decision finding deficiencies in petitioners' taxes for the years involved in the amounts determined by respondent in the notice of deficiency. This would clearly negate the objective of petitioners' mo-

---

[2] SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT.

(a) EFFECT OF PETITION TO TAX COURT.—If the Secretary or his delegate has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and chapter 42 taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, or of tax imposed by chapter 42 with respect to any act (or failure to act) to which such petition relates, in respect of which the Secretary or his delegate has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court * * *

SEC. 7459. REPORTS AND DECISIONS.

(d) EFFECT OF DECISION DISMISSING PETITION.—If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary or his delegate. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

tion to withdraw without prejudice and would preclude petitioners' efforts to litigate this case on its merits in a District Court.

Petitioners' argument that they would not have invoked the jurisdiction of this Court had they known at the time they filed their petition that respondent would claim additions to tax under sections 6651 and 6653(a) does not help them. Having once filed their petition in this Court, their remedy, if any, would be by objection to the amendment to respondent's answer raising these alternative issues. But the Tax Court Rules are liberal in permitting amendment to pleadings, particularly prior to commencement of the trial. See Rule 41, Tax Court Rules of Practice and Procedure. Parties have been permitted to amend their pleadings to raise new issues if leave is requested prior to commencement of trial and the other party is not prejudiced by such amendment. The Commissioner has been permitted to amend his answer asking for an increased deficiency. *Rowan Drilling Co.*, 44 B.T.A. 189 (1941), affirmed without discussion of this point 130 F. 2d 62 (C.A. 5, 1942); *Capital Building & Loan Association*, 12 B.T.A. 349 (1928). Where new issues or an increased deficiency is raised in an amendment to the answer, the petitioner is protected by placing the burden of proof with respect to such new matters on the respondent. Rule 142(a), Tax Court Rules of Practice and Procedure. The additions to tax claimed by respondent in the amendment to his answer, upon which he has the burden of proof, would not be included in the decision of this Court unless respondent proceeded with evidence to sustain his burden. *Miller-Pocahontas Coal Co.*, 21 B.T.A. 1360 (1931); *William Bioff*, 47 B.T.A. 942 (1942).

Finally, petitioners' reliance on *Handshoe* v. *Commissioner*, 252 F. 2d 328 (C.A. 4, 1958), is misplaced. In that case petitioners had instituted an action in the United States District Court for the recovery of an alleged overpayment of income tax for 1954. Thereafter, the Commissioner issued a notice of deficiency for the years 1954 and 1955. Petitioners filed a petition in the Tax Court for a redetermination of the deficiencies for both years. The Government moved to dismiss the action pending in the District Court because of the filing of the petition in the Tax Court. The District Court took no action on the motion pending further action in the Tax Court. Petitioners then moved to withdraw their petition in the Tax Court with respect to the year 1954. The Tax Court denied the motion, and petitioners appealed that ruling. The Court of Appeals granted the Commissioner's motion to dismiss the appeal for lack of jurisdiction, inasmuch as the order appealed from was merely interlocutory. The dismissal, however, was "without prejudice to the right of petitioners to renew their motion·in the Tax Court, if they see fit to do so, and without prejudice to the power of the Tax Court to grant the motion, if renewed." In its opinion the Court of

Appeals assumed that the denial of the motion by the Tax Court was based on the belief that petitioners would be without remedy if their motion were allowed. But, noting that the taxpayers' action in the District Court had been filed before the petition to the Tax Court and was still pending, the Court of Appeals implied that the District Court might still have jurisdiction if the Tax Court would permit petitioner to withdraw his petition with respect to the year 1954 "without prejudice to the right of petitioner to proceed in the action pending in the District Court." The opinion cited no authority for the above statements and they were dicta in the opinion. We believe the Court of Appeals was trying to provide equitable relief to a taxpayer who was not represented by counsel. Petitioners herein have no prior action pending in the District Court to provide them with a remedy in the event their motion was granted by this Court. With all due respect to the Court of Appeals, we do not believe this Court has any authority to ignore the mandate of the law or to confer jurisdiction on another court by permitting withdrawal of the petitioners' petition in this Court *without prejudice.*

Furthermore, respondent has been prejudiced by the filing of a petition in this Court in that he has been precluded from assessing and collecting the additional taxes he claims to be owing by petitioners. See sec. 6212. We do not believe the law intended to permit a taxpayer to avoid payment of deficiencies determined by the Commissioner by filing a petition in this Court and then later withdrawing it without prejudice to his right to litigate the merits of his case by the refund route in the District Court or the Court of Claims. Accordingly, the motion will be denied.

*An appropriate order will be entered.*