Foster S. WOLFE, Plaintiff,

v.

UNITED STATES TAX COURT et al., and Internal Revenue Service et al., Defendants.

Civ. A. No. 80–C–1210.

United States District Court, D. Colorado.

May 5, 1981.

Foster S. Wolfe, pro se.

William A. Bower, Trial Atty., Tax Division, U. S. Dept. Justice, Washington, D.C., Joseph Dolan, U. S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff, Foster S. Wolfe, acting pro se, brought this action against the defendants, the United States Tax Court (the "Tax Court") and the Internal Revenue Service (the "IRS"). The United States appeared on behalf of the defendants and moved to dismiss the complaint for failure to state a claim, for lack of subject-matter jurisdiction, and for improper venue. Wolfe moved for default judgment. The issues raised by these motions have been adequately briefed, and oral argument would serve no useful purpose in deciding them.

I. *Wolfe's Motion for Default Judgment.*

Wolfe seeks a default judgment against the Tax Court and the IRS, claiming that these entities failed to answer or otherwise respond to his complaint within 60 days after service as required by F.R.Civ.Proc. 12(a).

Wolfe filed this lawsuit on September 15, 1980. The time for measuring default, however, runs from the date the summons and complaint are served on the defendants, not from the date the case is docketed by the Clerk's office. *See* F.R.Civ. Proc. 12(a). The United States Marshal mailed a copy of the summons and complaint to both the Tax Court and the IRS on September 25, 1980. Service occurred on that date. *See* F.R.Civ.Proc. 4(d)(4), 4(d)(5), and 5(b). The Tax Court and the IRS therefore had 60 days from September 25, 1980, or until November 24, 1980, to answer or otherwise respond to Wolfe's complaint.

The United States filed its motion to dismiss, apparently on behalf of both defendants, and thus entered an appearance.

This motion was served on Wolfe by mailing it on November 21, 1980, three days before the 60-day period expired. *See* F.R. Civ.Proc. 5(b). The United States' appearance in this case therefore was timely, and is sufficient to prevent entry of default judgment against the Tax Court and the IRS, both of which are instrumentalities of the United States. Wolfe's motion for default judgment, therefore, is denied.

## II. *The United States' Motion to Dismiss*

The government seeks dismissal of Wolfe's complaint on three grounds: (1) failure to state a claim upon which relief can be granted, (2) lack of subject-matter jurisdiction, and (3) improper venue.

Wolfe brought this action pro se, and his allegations are not pleaded with the clarity and specificity that would be expected from an experienced tax lawyer. Reading his complaint in the light most favorable to him, however, it is possible to understand the general nature of the relief he requests.

Wolfe alleges two "causes of action" in his complaint. His first "cause of action," or claim for relief, actually contains two claims. First, Wolfe challenges, on First Amendment grounds, the IRS's authority to determine the tax exempt status of Wolfe's church. Second, he claims that IRS agents committed constitutional violations during their investigation of the church's tax-exempt status. Finally, in his second "cause of action," Wolfe prays for an order transferring his Tax Court petition from the Tax Court to this Court. Wolfe filed a petition in the Tax Court contesting his tax liability, apparently for the years here involved. He then moved to withdraw the Tax Court petition, and that court denied his motion.

Wolfe has sufficiently alleged claims for relief which can be granted by the United States courts. Whether this Court has subject-matter jurisdiction over Wolfe's claims, however, is a different question.

### A. *Wolfe's First Amendment Challenge.*

■ Wolfe's First Amendment challenge could be properly pleaded in a refund suit filed pursuant to 28 U.S.C. § 1346(a)(1).[1] This claim might also be pleaded in a declaratory judgment action under 26 U.S.C. § 7428. Section 7428 permits such suits when a tax-exempt organization's tax-exempt status is in controversy. It is not clear from Wolfe's complaint which of these two alternatives he has chosen. It is clear, however, that this Court lacks subject-matter jurisdiction over Wolfe's First Amendment challenge, no matter which alternative is analyzed.

■ If Wolfe brings his First Amendment challenge as a refund suit, subject-matter jurisdiction is lacking because Wolfe has not alleged that he has fully paid the taxes assessed against him. *See Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). In addition, Wolfe's prior filing of the Tax Court petition precludes district court jurisdiction to the extent that his refund claims arise from assessments for the same tax years being litigated before the Tax Court. *See* 26 U.S.C. § 7422(e).

If Wolfe brings his First Amendment challenge as a declaratory judgment action under 26 U.S.C. § 7428, this Court lacks jurisdiction because Section 7428(a) permits such actions to be brought only in the Tax Court, the Court of Claims, or the United States District Court for the District of Columbia. For these reasons, the United States' motion to dismiss Wolfe's First Amendment challenge for lack of subject-matter jurisdiction is granted.

### B. *Claims Against IRS Agents.*

Wolfe asserts claims against certain IRS agents which are essentially *Bivens*[2] claims

---

1. Although Wolfe pleaded his refund claims against the IRS and the Tax Court, and not against the United States, as required by 26 U.S.C. § 7422(f)(1), amendment is possible when a taxpayer mispleads the government. *See* 26 U.S.C. § 7422(f)(2).

2. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

brought against these agents for allegedly violating Wolfe's constitutional rights.[3] A *Bivens* claim may be alleged against the IRS agents. *See G. M. Leasing Corp. v. United States*, 429 U.S. 338, 360, 97 S.Ct. 619, 632, 50 L.Ed.2d 530 (1977), *on remand*, 560 F.2d 1011, 1013 (10th Cir. 1977).

In this action, however, Wolfe seeks only an injunction ordering the IRS agents to cease their allegedly unlawful investigation. Title 26, U.S.C. § 7421(a) denies the federal courts jurisdiction to hear suits to enjoin tax assessments or collections. That statute provides only a few narrowly drawn exceptions, none of which applies here.[4] Therefore, the United States' motion to dismiss, for lack of subject-matter jurisdiction, Wolfe's claims against the individual IRS agents is granted.

### C. *Wolfe's Request for Transfer from the Tax Court.*

Wolfe seeks an order requiring the Tax Court to transfer his petition to this Court. To the extent that this is an "appeal" from the Tax Court's refusal[5] to permit Wolfe to withdraw or transfer his claim, this Court has no jurisdiction, since jurisdiction over appeals from the Tax Court is vested exclusively in the Courts of Appeal. *See* 26 U.S.C. § 7482.

Nor can this Court order the Tax Court to transfer Wolfe's petition. Such an order would be an improper interference with a court lawfully established by Congress under Article I of the Constitution. In addition, since 26 U.S.C. § 7422(e) denies the district courts jurisdiction over claims already before the Tax Court, it follows that a district court cannot circumvent Section 7422(e) by *ordering* the Tax Court to transfer those claims. For these reasons, the United States' motion to dismiss Wolfe's claims against the Tax Court for lack of subject-matter jurisdiction is granted.

Since all of Wolfe's claims have been dismissed for lack of subject-matter jurisdiction, it is unnecessary to discuss whether venue was properly laid in this district.

Accordingly,

IT IS ORDERED that the plaintiff's motion for default judgment is denied.

IT IS FURTHER ORDERED that the plaintiff's claims for relief are dismissed for lack of subject-matter jurisdiction. Each party shall bear his or its own costs.

---

**3.** It is not entirely clear from the complaint whether it was Wolfe's rights or his church's rights that were violated. For the purposes of this motion, it is assumed that Wolfe's rights were violated.

**4.** Although, in theory, an injunction could be limited to restraining only the illegal aspect or "manner" of collection, as a practical matter such an injunction would actually restrain tax collection because the IRS agents would be haled repeatedly into court while a district judge attempted to determine whether the agents' activities violated the injunction. Section 7421 was enacted to "permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund [so that] . . . the United States [would be] assured of prompt collection of its lawful revenue," *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). In light of this purpose, no suit for injunction, except as authorized by Section 7421(a), can be permitted.

**5.** This refusal, no doubt, enured to Wolfe's benefit. The Tax Court usually refuses to let petitioners withdraw their claims because such a withdrawal automatically affirms the IRS's assessment. *See* 26 U.S.C. § 7459(d); *Ming v. Commissioner*, 62 T.C. 519 (1974). The Tax Court refuses to order transfers for similar reasons. *See Emma R. Dorl*, 57 T.C. 720 (1972).