MICHAEL DeNICOLA AND JEANNE DeNICOLA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
De Nicola v. Commissioner
Docket No. 9001-84.
United States Tax Court
T.C. Memo 1984-479; 1984 Tax Ct. Memo LEXIS 192; 48 T.C.M. (CCH) 1065; T.C.M. (RIA) 84479; September 10, 1984. *192 Ps seek to withdraw their petition to the Tax Court without prejudice. Held, the Tax Court does not have the authority to permit Ps to withdraw their petition without prejudice. Held further, Ps's motion is denied. Peter R. Stromer, for the petitioners. Richard G. Convicer, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on petitioners' Motion to Withdraw Petition Without Prejudice filed on August 20, 1984. [1]
Respondent issued a notice of deficiency to petitioners on March 8, 1984 for taxable calendar year 1980. The deficiency determined by respondent was based on the disallowance of a charitable contribution deduction which petitioners claim for contributions purportedly made to the Universal Life Church. Respondent also determined an addition to tax under section 6653(a). [2] Petitioners filed a timely petition with this Court on April 5, 1984. *193 At the time that their petition was filed, petitioners were apparently not represented by counsel. Petitioners now assert that this Court should permit them to withdraw their petition claiming that the Tax Court has equitable powers and should provide relief to petitioners who filed their petition without knowledge of the ramifications of so filing a petition with this Court. For the reasons stated hereinbelow, we do not agree. The jurisdiction of the Tax Court to grant equitable relief is strictly limited; it exists only to the extent specifically enumerated by statute, and it does not include the power to decide equitable questions. Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1017-1018 (1980), appeal dismissed (2nd Cir. 1981). [3] *194 It is clear that the limitations on our jurisdiction preclude this Court from granting the relief which petitioners seek. Moreover, we have previously rejected the argument that this Court may provide relief to a petitioner by permitting the withdrawal of a petition without prejudice. Estate of Ming v. Commissioner,62 T.C. 519, 524 (1974). [4]
The statutory mandate is clear. Section 6512 provides, in pertinent part: (a) Effect of Petition to Tax Court.--If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) * * * and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) * * * no suit by the taxpayer for recovery of any part of the tax shall be instituted in any court * * *. It is the filing *195 of a valid petition in the Tax Court and not any action taken by the Court which bars a subsequent refund suit in a United States District Court or the United States Claims Court. Dorl v. Commissioner,57 T.C. 720, 721-722 (1972), affd. 507 F.2d 406 (2nd Cir. 1974). Under section 7459(d), once a petition is filed in the Tax Court and the Court dismisses the case for any reason other than lack of jurisdiction, the Court must enter an order finding the deficiency to be the amount determined by the Commissioner in his notice of deficiency, unless the Commissioner reduces the amount of his claim. Estate of Ming v. Commissioner,supra at 522. See also Graham v. Commissioner,76 T.C. 853, 858 (1981). Thus, once petitioners filed their petition with this Court, they were required to contest their tax liability in this forum. On the basis of this record we must and do deny petitioners' motion to withdraw their petition without prejudice. In accordance with the foregoing An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(3), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the applicable periods.↩
3. Petitioners resided in Middlebury, Connecticut when they filed their petition. Therefore, venue on appeal lies in the Second Circuit. Sec. 7482(b)(1)(A).
4. Petitioners rely on Handshoe v. Commissioner,252 F.2d 328 (4th Cir. 1958), in support of their assertion that the Tax Court may exercise its powers to permit petitioners to withdraw their petition without prejudice. This argument was squarely rejected in Estate of Ming v. Commissioner,62 T.C. 519, 524 (1974), where we stated: We believe the Court of Appeals was trying to provide equitable relief to a taxpayer who was not represented by counsel. * * * With all due respect to the Court of Appeals, we do not believe this Court has any authority to ignore the mandate of the law or to confer jurisdiction on another court by permitting withdrawal of the petitioners' petition in this Court withoutprejudice.↩