M. M. AKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akins v. Commissioner
Docket No. 11600-93
United States Tax Court
T.C. Memo 1994-512; 1994 Tax Ct. Memo LEXIS 520; 68 T.C.M. (CCH) 939; October 17, 1994, Filed *520 Mark Marion Akins, pro se. For respondent: David Delduco. DAWSON, GOLDBERG DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Special Trial Judge Stanley J. Goldberg, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief may be granted, filed September 20, 1993, and petitioner's motion to dismiss for lack of jurisdiction, filed on November 15, 1993, and supplement thereto filed on December 21, 1993. Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1990 in the amount of $ 23,531, with additions *521 to tax under section 6651 for failure to file a timely return, and section 6654 for failure to pay estimated tax, in the amounts of $ 5,882.75 and $ 1,548.04, respectively. Petitioner resided in Dunwoody, Georgia, when he filed his petition. We consider first petitioner's motion and supplement to dismiss for lack of jurisdiction. Petitioner states as grounds for his motion to dismiss his desire to seek a jury trial for redetermination of his tax liability for taxable year 1990. [2] Generally, this Court acquires jurisdiction in cases involving Federal income taxes upon the timely filing of a taxpayer's petition in response to a notice of deficiency sent to the taxpayer by respondent. Rule 13; sec. 6213(a). Once the Court has acquired jurisdiction through the filing of a timely petition, the taxpayer may not withdraw the petition to litigate issues in another forum. Estate of Ming. v. Commissioner, 62 T.C. 519, 524 (1974); Frisbie v. Commissioner, T.C. Memo. 1987-423, affd. without published opinion 878 F.2d 385 (9th Cir. 1989); Dorl v. Commissioner, 57 T.C. 720, 721-722 (1972), *522 affd. per curiam 507 F.2d 406 (2d Cir. 1974). Petitioner has not shown grounds for dismissing the case for lack of jurisdiction. Accordingly, petitioner's motion and supplement to dismiss for lack of jurisdiction will be denied. We turn next to respondent's motion to dismiss for failure to state a claim. In his amended petition, [3] petitioner alleged the following as reasons for disagreeing with the adjustment in the notice of deficiency: On May 11, 1982 I was robbed and stabbed in the heart in Washington, D C by Clifford Henry Williams. After being dead for more than twenty minutes I underwent open heart surgery at Georgetown University hospital. The U.S. Attorneys Office for Washington D.C. was criminally negligent in not requesting that my assailant *523 be incarcerated during a twenty day period prior to stabbing me, for seven crimes and bail violations. More than forty attorneys told me that the U.S. Attorneys Office had sovereign immunity for criminal negligent acts by its employees and could not be sued. I was killed, revived, under went open heart surgery, was fired from my job and lost more than $ 700,000 in wages because of a criminal conspiracy by one or more Federal employees. My Federal income taxes are used to pay the costs of the U.S. Attorneys Office for Washington, D.C. The U.S. Supreme Court has ruled that a person does not have an obligation to pay for goods and services not rendered. I should bot [sic] be required to pay taxes until the total Federal taxes I owe are greater than the cost of the damages to me caused by the U.S. Attorneys Office Criminal negligence. A ruling in my favour will help eleminate [sic] negligence by Federal employees.
*524 Thus, petitioner contends that he has grounds for offsetting his tax liability because of the assault upon him by an individual that petitioner believes was wrongly released from incarceration by Federal Government officials. In his motion to dismiss for lack of jurisdiction, petitioner cited as authority for this position Railroad Company v. Smith, 88 U.S. (21 Wall.) 255 (1874). In the Railroad Company case, the Supreme Court, considering a breach of contract case between two non-governmental entities concerning the construction of a railroad drawbridge, held: The law does not require a party to pay for imperfect and defective work the price stipulated for a perfect structure; and when that price is demanded, will allow him to deduct the difference between that price and the value of the inferior work, and also the amount of any direct damages flowing from existing defects, not exceeding the demands of the plaintiffs. This is a rule of strict justice, and the deduction is allowed in a suit upon the contract to prevent circuity of action. * * * [Railroad Company v. Smith, supra at 261.]
Petitioner contends *525 the Government breached its duty to him by negligently enforcing the criminal laws, and that he is entitled to withhold payment of income taxes until all damages resulting from the perceived breach of contract have been offset. This argument is without merit. There is no legal theory, in contract law or otherwise, allowing a taxpayer to refuse to pay taxes based upon his individual disagreement with the conduct of the Government. We considered this argument with respect to petitioner's Federal income tax liabilities for taxable years 1987, 1988, and 1989 in Akins v. Commissioner, T.C. Memo. 1993-256, wherein we stated: The Court is sincerely sympathetic to petitioner for all the sufferings he has endured. We have no jurisdiction, however, to grant him an offset against his tax liabilities on that account. For example, see Randall v. Commissioner, T.C. Memo. 1993-207. His grievances against the policies of the Government or against the tax system as a whole do not excuse him from paying taxes on his income. Tingle v. Commissioner, 73 T.C. 816 (1980).
Respondent contends that the *526 case should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 40. We agree that the amended petition filed by petitioner in this case fails to state a claim upon which we may grant petitioner relief. Accordingly, respondent's motion to dismiss will be granted. An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner entitled his motion, "Motion to Dismiss for Lack of Jurisdiction and Move to a Court Where Petitioners Case Will Be Tried by Jury in Accordance with Article III and Amendment VII of the Constitution of the United States↩".
3. The petition, filed June 4, 1993, consisted of a two paragraph letter wherein petitioner requested "to appear before the U.S. Tax Court in Atlanta, Georgia to plead my case for my 1990 tax obligations in accordance with the arguments shown in my July 17, 1992 Amended Petition Docket No. 10765-92".↩