T.C. Memo. 1997-184


UNITED STATES TAX COURT


SHIRLEY S. HIRSH, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2657-95.                    Filed April 21, 1997.


Shirley S. Hirsh, pro se.

<u>Scott Anderson</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This case was calendared for trial at the
January 13, 1997, trial session in Richmond, Virginia.  On that
date, petitioner Shirley S. Hirsh submitted a motion to withdraw
her petition in this case.  Petitioner did not specifically
address respondent's determinations but instead questioned
respondent's and this Court's jurisdiction over her.

At the trial session, respondent's counsel orally moved the Court to dismiss this case for lack of prosecution and find petitioner liable for the deficiencies and additions to tax as determined in the notice of deficiency.  Respondent also sought to have a penalty awarded to the United States pursuant to section 6673(a)[1] on the ground that petitioner's position in instituting this proceeding is frivolous or groundless.

## Motion To Withdraw

We first consider petitioner's motion to withdraw her petition in this case.  It is well settled that the filing of a timely petition in response to a timely notice of deficiency invests this Court with jurisdiction to finally resolve the parties' controversy.  Estate of Ming v. Commissioner, 62 T.C. 519, 521 (1974).  Additionally, under section 7459(d), if we dismiss a case for any reason other than lack of jurisdiction, this Court may enter an order finding the deficiency to be the amount determined in the notice of deficiency or in some other appropriate amount.  Sec. 7459; see also Rule 123(d). Consequently, Ms. Hirsh's petition may not be withdrawn without prejudice.  Graham v. Commissioner, 76 T.C. 853, 858 (1981);

---

[1] All section references are to the Internal Revenue Code in effect for the taxable years at issue, and Rule references are to this Court's Rules of Practice and Procedure.

Estate of Ming v. Commissioner, supra at 522.  Accordingly, petitioner's motion to withdraw her petition will be denied.

Motions To Dismiss for Lack of Prosecution and for a Penalty

On November 17, 1994, respondent determined deficiencies in and additions to petitioner's income tax as follows:

| Year | Deficiency | Additions to Tax | |
|------|-----------|-----------------|---------|
| | | Sec. 6651(a)(1) | Sec. 6654 |
| 1990 | $5,130 | $1,282.50 | $335.86 |
| 1991 | 5,111 | 1,211.75 | 275.32 |
| 1992 | 5,660 | 1,399.50 | 243.86 |

Petitioner's legal residence was in Virginia when the petition was filed on February 17, 1995.  In the petition, it was contended that respondent possessed no authority to issue the notice of deficiency.  The place of trial was designated as Richmond, Virginia, per petitioner's request.

This case was initially set for trial at the Richmond, Virginia, trial session commencing January 22, 1996.  Petitioner appeared and orally moved for a continuance of her case. Respondent's counsel believed that petitioner required more time to obtain records for trial and did not object, and the case was continued.

On April 8, 1996, petitioner submitted a document entitled "Part One Non-Statutory Abatement", which purports to be a pleading filed in the "superior court, Hanover county, Virginia". The six-page document generally denies the authority of respondent and this Court to deal with the subject matter of this proceeding. On the same date, based on the aforementioned document, respondent's Appeals officer warned petitioner that she might be subject to penalties pursuant to section 6673.

On July 10, 1996, respondent's counsel served discovery on petitioner, including a request for production of documents and other related information and interrogatories. Petitioner did not produce the requested documents and did not answer the interrogatories.

On August 5, 1996, petitioner submitted a document entitled "Addendum to Non-Statutory Abatement, Parts One and Two". The document contained tax protester-type arguments and did not respond to or explain petitioner's failure to respond to the discovery.

On January 13, 1997, this case was called for trial, and counsel for respondent appeared and was heard. There was no formal appearance by or on behalf of petitioner when the case was called. However, petitioner on that day submitted a document entitled "Notice of Demand to Withdraw Petition Known as Docket No. 2657-95". The aforementioned document is a 13-page, single-

spaced manuscript containing tax protester-type arguments. Generally, it rejects the validity of the notice of deficiency on the ground that petitioner never consented to it and denies the authority of this Court to adjudicate this matter. At the trial session, respondent orally moved to dismiss for failure to properly prosecute and to award a penalty to the United States because petitioner took frivolous or groundless positions.

On January 27, 1997, respondent's counsel filed a written motion for imposition of a penalty pursuant to section 6673. The next day, this Court issued an order that petitioner respond or object to respondent's motion on or before February 27, 1997.

On February 28, 1997, petitioner's document entitled "Notice to the United States Tax Court" was filed. This 40-page, single-spaced document is a confused dissertation purporting to examine various aspects of common law, constitutional history, various U.S. territorial statutes, 19th-century case law, the Federal Rules of Civil and Criminal Procedure, the Federal Rules of Evidence, and U.S. Postal Service regulations.

To the extent discernible, petitioner contends: (1) Generally, the "50 independent republics" that make up the United States have failed to control and restrain their common agent, the United States Federal Government; (2) this Court retains no authority over petitioner since it is a Federal court and she is a citizen and resident of the State of Virginia;

(3) Acts of Congress have no force over citizens of the various States, except for Federal citizens and employees, unless there are regulations published in the Federal Register; (4) the Internal Revenue Code only applies to "import duties on alcohol, tobacco and firearms"; (5) the Supreme Court is the sole court which may adjudicate this controversy since it is exclusively endowed with Article III authority; and (6) respondent's agents have no authority or jurisdiction over the citizens of the various States; thus, those agents do not have immunity from their purportedly illegal acts.

The above arguments are without legal and factual foundation, and are without merit. Petitioner's argument that she is not a taxpayer is patently frivolous. United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986).[2] We have generally recognized that petitions containing frivolous arguments add to the Court's case load and cause needless expenditures of time, effort, and expense by the Commissioner and by this Court. Hatfield v. Commissioner, 68 T.C. 895, 899 (1977). We are not obligated to review exhaustively and rebut petitioner's misguided

---

[2] "We note that this argument has been consistently and thoroughly rejected by every branch of the government for decades. Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." United States v. Studley, 783 F.2d 934, 937 n.3.

contentions.  See <u>Crain v. Commissioner</u>, 737 F.2d 1417 (5th Cir. 1984).

Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $25,000, whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted or maintained primarily for delay.  A petition in the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  In this case, petitioner made frivolous arguments.  She failed to raise any issue with regard to the correct amount of her income tax liability, including the additions to tax.  Specifically, petitioner failed to file a petition containing clear and concise statements of error or statements of fact.  Rather, she chose to assert meritless tax protester-type rhetoric that has been rejected by numerous courts.  Respondent cautioned petitioner, at least once, regarding her arguments and the possibility of a penalty being awarded by this Court if she pursued her baseless claims.  Petitioner also refused to follow this Court's Rules of Practice and Procedure and answer respondent's interrogatories, and failed to cooperate in this case after invoking our jurisdiction in response to respondent's determination.

We find that petitioner instituted and maintained this action primarily for delay and that her position in this

proceeding is frivolous and groundless. Accordingly, we shall grant respondent's motion to dismiss for failure to prosecute and sustain respondent's determinations as set forth in her notice of deficiency. We further conclude that petitioner is liable for a penalty under section 6673 in the amount of $5,000.

<u>An appropriate order and decision will be entered for respondent</u>.