# United States Tax Court

161 T.C. No. 2

ZOLA JANE PUGH,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17992-19P.                    Filed August 14, 2023.

————

R certified P to the Secretary of State under I.R.C. § 7345 as an individual with a "seriously delinquent tax debt."  The State Department accordingly refused to renew P's U.S. passport.

P petitioned the Court for review of R's certification pursuant to I.R.C. § 7345(e).  R filed two successive Motions for Summary Judgment, one of which was pending when P filed a Motion to Dismiss her case.  R initially indicated that he would object to dismissal but later stated that he had no objection.

*Held*: The Court has discretion to grant P's unilateral Motion for the Court to dismiss without prejudice her case contesting a certification under I.R.C. § 7345.

*Held, further*, absent evidence of clear legal prejudice to R, we will grant P's Motion to Dismiss.

*Held, further*, R's Motion for Summary Judgment will be denied as moot.

————

Zola Jane Pugh, pro se.

*Susan K. Bollman* and *John S. Hitt*, for respondent.

OPINION

COPELAND, *Judge*: Petitioner, Zola Jane Pugh, has filed a Motion to Dismiss her case, which she initially brought to contest a certification by the Commissioner of Internal Revenue (Commissioner) that she has a "seriously delinquent tax debt" as defined in section 7345.[1] Whether we may grant a taxpayer's motion to dismiss without prejudice in a case contesting a section 7345 certification is a question of first impression for this Court.

*Background*

On July 23, 2018, Ms. Pugh was notified by the Commissioner that he had certified her to the U.S. Department of State (State Department) under section 7345 as an individual having a seriously delinquent tax debt.[2] After Ms. Pugh applied for renewal of her passport, the State Department issued a letter on April 15, 2019, notifying her that she was ineligible for passport services because of the Commissioner's certification. *See* 22 U.S.C. § 2714a(e) (generally forbidding the State Department from issuing or renewing a passport for a taxpayer certified under section 7345 and authorizing the State Department to revoke a passport previously issued to that taxpayer).

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Section 7345(b)(1) generally defines a "seriously delinquent tax debt" as

an unpaid, legally enforceable Federal tax liability of an individual—
    (A) which has been assessed,
    (B) which is greater than $50,000, and
    (C) with respect to which—
        (i) a notice of lien has been filed pursuant to section 6323 and the administrative rights under section 6320 with respect to such filing have been exhausted or have lapsed, or
        (ii) a levy is made pursuant to section 6331.

The threshold amount described in subparagraph (B) is modified to account for inflation. I.R.C. § 7345(f).

On the basis of that letter Ms. Pugh petitioned this Court contending that the Commissioner's section 7345 certification was erroneous,[3] and the nonissuance of a passport is unconstitutional.[4] The Commissioner filed a Motion for Summary Judgment on January 19, 2021, contending that he did not err in certifying Ms. Pugh to the State Department as having a seriously delinquent tax debt, and denial of a passport resulting from a certification under section 7345 is not a violation of the Constitution. We denied that Motion without prejudice because the Commissioner failed to support it with copies of the relevant notices of deficiency, notices of intent to levy, and/or Internal Revenue Service (IRS) transcripts relating to Ms. Pugh's alleged tax deficiencies. The Commissioner included some of these documents in a renewed Motion for Summary Judgment, filed on November 23, 2022. Ms. Pugh did not respond to either Motion for Summary Judgment, despite two separate orders for her to do so.

On January 23, 2023, Ms. Pugh filed a Motion to Dismiss her case in light of her alleged recent discovery that "she, as an alien foreign national, is exempt from taxation and has been all her life." (Ms. Pugh provided no documentation or other supporting evidence for this claim.) The Commissioner initially indicated that he would object to the Motion to Dismiss but later, upon being ordered to file a formal objection, stated that he did not object. The Notice of No Objection states, in part: "[The Commissioner] will suffer no clear legal prejudice from the dismissal of petitioner's petition to contest her certification as an individual owing a seriously delinquent tax debt under section 7345."

---

[3] Section 7345(e)(1) provides as follows:

After the Commissioner notifies an individual [of a certification to the Secretary of State] under subsection (d), the taxpayer may bring a civil action against the United States in a district court of the United States, or against the Commissioner in the Tax Court, to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification. For purposes of the preceding sentence, the court first acquiring jurisdiction over such an action shall have sole jurisdiction.

[4] In her Petition, Ms. Pugh checked the box indicating that she had received a Notice of Determination Concerning Collection Action. We dismissed that claim for lack of jurisdiction under sections 6320 and 6330 because the Commissioner confirmed that Ms. Pugh had not received such a notice. However, we retained the case because we have jurisdiction to hear the section 7345(e) claim that Ms. Pugh conveyed in the remaining portions of the Petition.

*Discussion*

Ms. Pugh's Motion to Dismiss does not specify whether she is requesting dismissal with prejudice or without prejudice to refile a suit on the same claim in the future. Because Ms. Pugh is self-represented and because a dismissal with prejudice has more severe implications for her rights, we will construe her Motion as a motion to dismiss without prejudice. *See Gray v. Commissioner*, 138 T.C. 295, 298 (2012) ("All claims in a petition should be broadly construed so as to do substantial justice, and a petition filed by a pro se litigant should be liberally construed." (first citing Rule 31(d); then citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); then citing *Lukovsky v. Commissioner*, T.C. Memo. 2010-117; then citing *Med. Prac. Sols., LLC v. Commissioner*, T.C. Memo. 2009-214, *supplemented by* T.C. Memo. 2010-98; and then citing *Swope v. Commissioner*, T.C. Memo. 1990-82)).

This Court has long held that when taxpayers bring cases under section 6213 asking us to redetermine a tax deficiency, we cannot grant motions to dismiss without prejudice because we are mandated by section 7459(d) to enter a decision sustaining the Commissioner's deficiency determination.[5] *See Estate of Ming v. Commissioner*, 62 T.C. 519, 521 (1974). This holding is based on the statutory framework governing our and other courts' jurisdiction in the handling of deficiency cases, *id.* at 521–22, as well as a deficiency petition's inherent prejudice to the Commissioner, who is precluded by section 6213(a) from assessing or collecting the tax in dispute during the pendency of the case, *Estate of Ming*, 62 T.C. at 524.

However, over the years Congress has expanded our jurisdiction to include controversies that do not require us to redetermine deficiencies. And in many of those new areas of jurisdiction, we have granted motions to dismiss without prejudice absent objection from the Commissioner. For example, in *Wagner v. Commissioner*, 118 T.C. 330 (2002), we granted the taxpayers' unopposed motion to dismiss a case brought under section 6320(c) for review of the Commissioner's determination to file a notice of federal tax lien. In *Davidson v. Commissioner*, 144 T.C. 273 (2015), we granted a taxpayer's unopposed motion to withdraw her petition and dismiss her case brought under section 6015(e) for stand-alone review of the Commissioner's denial of

---

[5] Section 7459(d) provides that in deficiency cases, "a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary [of the Treasury]."

"innocent spouse" relief from joint and several liability. In *Jacobson v. Commissioner*, 148 T.C. 68 (2017), we granted a whistleblower's unopposed motion to dismiss her case brought under section 7623(b)(4) for review of the IRS Whistleblower Office's award determination. In *Mainstay Business Solutions v. Commissioner*, 156 T.C. 98 (2021), we granted a taxpayer's unopposed motion to withdraw its petition and dismiss its case brought under section 6404(h) for review of the Commissioner's failure to abate interest. In *Stein v. Commissioner*, 156 T.C. 167 (2021), we granted the taxpayers' unopposed motion to dismiss their petition brought under section 7430(f)(2) for review of the Commissioner's denial of their claim for recovery of reasonable administrative costs incurred in connection with a proceeding before the IRS. In *Joseph E. Abe, DDS, Inc. v. Commissioner*, No. 20378-22R, 161 T.C. (Aug. 3, 2023), we granted a taxpayer's unopposed motion to dismiss its petition brought under section 7476 to review the Commissioner's revocation of a retirement plan's qualification under section 401(a).

In each of those cases we explained that in the absence of a controlling Tax Court Rule, we look to the Federal Rules of Civil Procedure (FRCP) for guidance. *See* Rule 1(b); *Mainstay Bus. Sols.*, 156 T.C. at 100. In particular we look to FRCP 41(a)(1), which provides rules for the voluntary dismissal of a civil "action." FRCP 41(a)(1) states that in the federal district courts, a plaintiff may dismiss an action without court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or (ii) a stipulation signed by all parties who have appeared. FRCP 41(a)(2) states that except in those two circumstances, a plaintiff's motion to dismiss is effective "only by court order, on terms that the court considers proper." The U.S. Court of Appeals for the District of Columbia Circuit, to which an appeal of this case (and other cases brought under section 7345(e)) normally would lie, *see* I.R.C. § 7482(b)(1) (flush language), has indicated that dismissals generally should be granted under FRCP 41(a)(2) unless dismissal would inflict "clear legal prejudice" on the defendant, other than the prospect of a second round of litigation. *Conafay v. Wyeth Lab'ys*, 841 F.2d 417, 419 (D.C. Cir. 1988); *see also Wagner*, 118 T.C. at 333.

The Commissioner has stated that he no longer objects to dismissal of Ms. Pugh's case. Despite Ms. Pugh's excessive delay in filing her Motion to Dismiss—at which time the Commissioner had already filed two Motions for Summary Judgment—and her unsubstantiated reason for seeking dismissal (viz, that she is an "alien

foreign national"), we do not see sufficient grounds to second-guess the Commissioner's assertion that he will not be prejudiced by dismissal. In fact, upon dismissal the Commissioner's certification of Ms. Pugh as an individual with a "seriously delinquent tax debt" will remain in place. We conclude that the Commissioner will not suffer clear legal prejudice if we grant Ms. Pugh's Motion, in effect treating this case as if it had never been commenced.

We therefore will grant Ms. Pugh's Motion to Dismiss, deny the Commissioner's pending Motion for Summary Judgment as moot, and dismiss the case without prejudice.

To reflect the foregoing,

*An appropriate order will be entered.*