# United States Tax Court

CORRECTED
T.C. Memo. 2025-5

CASSANDRA ALLEN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 18128-23.                          Filed January 16, 2025.

————————

Cassandra Allen, pro se.

*Ardney J. Boland*, for respondent.


## MEMORANDUM OPINION

LAUBER, *Judge*: With respect to petitioner's Federal income tax for 2021, the Internal Revenue Service (IRS or respondent) determined a deficiency of $4,158. On October 11, 2024, respondent filed a Motion for Summary Judgment, seeking a ruling that petitioner is liable for tax on income that she omitted from her original return, but which she has subsequently admitted receiving. Respondent contends that there exists no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. We agree and will grant his Motion.

### Background

The following facts are derived from the pleadings and respondent's Motion papers, including a declaration and the Exhibits attached thereto. Petitioner resided in Michigan when her Petition was timely filed.

On August 21, 2023, the IRS sent petitioner a Notice of Deficiency for 2021, determining an income tax deficiency of $4,158 pursuant to

[*2] section 6212(a).[1] The deficiency stems from petitioner's failure to include on her return $18,901 of gross income reported by third-party payors. This income included $18,713 reported on Form W–2, Wage and Tax Statement, by the District of Columbia Government; $184 of wages reported on Form W–2 by another payor; and $4 of dividend income reported on Form 1099–DIV, Dividends and Distributions.

Petitioner timely petitioned this Court. She did not explicitly assign error to any of the determinations in the Notice of Deficiency. Rather, she stated that she had been "unable to promptly access and organize all relevant tax documents and information" because of complications related to her mother's death.

On September 3, 2024, petitioner filed at docket entry No. 16 a document captioned "pretrial memorandum." In that document she admitted that she had "filed [her] tax return for 2021 incorrectly," but stated that she had "since amended [her] 2021 tax return" and that "the corrected return ha[d] been sent to the IRS for processing." Because she had allegedly corrected the errors on her original return, she asked that we dismiss the case.

By Order served September 6, 2024, we advised petitioner that we cannot dismiss a deficiency case over which we have jurisdiction without entering a decision that determines the amount due for the taxable year in dispute. *See* § 7459(d); *Estate of Ming v. Commissioner*, 62 T.C. 519, 521 (1974). To the extent that petitioner's pretrial memorandum included a motion to dismiss, we denied the motion. But we advised her that she was free to provide any relevant documents to respondent's counsel with a view to resolving this case without the need for trial.

On September 4, 2024, petitioner filed a second Form 1040 for 2021. That document reported the additional $18,713 of wage income from the D.C. Government, but it did not report petitioner's total income for the year or compute tax on the aggregate amount of her income. On September 13, 2024, respondent filed a status report representing that he had recommended to petitioner that she file Form 1040–X, Amended U.S. Individual Income Tax Return, for 2021, reporting the correct amount of her aggregate income and calculating the tax thereon.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

[*3] Respondent conceded $188 of the adjustments determined in the Notice of Deficiency, leaving only $18,713 (the wages from the D.C. Government) at issue.

On October 11, 2024, respondent filed a Motion for Summary Judgment seeking a ruling that petitioner is liable for tax on the $18,713 of additional wage income that she has admitted receiving. By Order served that same day, we directed petitioner to respond to the Motion by November 12, 2024. We specifically directed her to "point out the specific facts in dispute and explain why these factual disputes are important."

On October 18, 2024, respondent filed a status report enclosing an email from petitioner dated October 16, 2024, to which she had attached a copy of the first two pages of a Form 1040–X for 2021. Those two pages did not include a signature and did not indicate the date of filing. On line 1 petitioner showed gross income of $53,911 as originally reported, "Net change" of $18,713, and the "Correct amount" as zero. On line 11 she showed "Total tax" of $5,720 as originally reported, "Net change" of zero, and the "Correct amount" as zero. She reported "Total payments" of $7,573—the same amount shown on her original return— and claimed a refund of $7,573. As the explanation for these changes petitioner stated: "I am adding the $18,713 to this amended return. My tax liability still remains zero because I have reported these wages on form 709. Please see form 709." Form 709 is the United States Gift (and Generation-Skipping Transfer) Tax Return.

Petitioner did not respond to respondent's Motion by November 12, 2024, the deadline we set, or subsequently. Petitioner has not explained how she could have reported wage income on a Federal gift tax return. And she has not submitted a copy of any Form 709 into the record.

*Discussion*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment when the record reveals that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and

[*4] inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. Absent a stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Sixth Circuit, and we thus follow its precedent. *See* § 7482(b)(1); *Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

The Code provides that "gross income means all income from whatever source derived." § 61(a)(1). In cases involving receipt of unreported income, such as this case, the Commissioner must first establish some factual foundation linking the taxpayer to the income-producing activity. *See Portillo v. Commissioner*, 932 F.2d 1128, 1133 (5th Cir. 1991), *aff'g in part, rev'g in part and remanding* T.C. Memo. 1990-68. "Once the Commissioner makes the required threshold showing, the burden shifts to the taxpayer to prove by a preponderance of the evidence that the Commissioner's determinations are arbitrary or erroneous." *Walquist v. Commissioner*, 152 T.C. 61, 67–68 (2019) (citing *Helvering v. Taylor*, 293 U.S. 507, 515 (1935)); *see Texasgulf, Inc., & Subs. v. Commissioner*, 172 F.3d 209, 214 (2d Cir 1999), *aff'g* 107 T.C. 51 (1996).

In his Motion respondent points out correctly that petitioner has conceded the only remaining issue in this case by submitting a Form 1040–X that reported additional wage income of $18,713 for 2021. That sum matches precisely the $18,713 reported on the Form W–2 supplied by the D.C. Government. Petitioner does not dispute receiving this income, and her concession supplies a factual foundation linking her to the income-producing activity. *See Portillo v. Commissioner*, 932 F.2d at 1133. Instead, petitioner asserts that her "tax liability still remains zero" because she allegedly reported the additional $18,713 on a Form 709, an assertion we find difficult to understand.

The record clearly establishes a deficiency in petitioner's Federal income tax for 2021, because she has conceded receiving $18,713 of wages that she did not report on her 2021 return. *See Hatfield v. Commissioner*, T.C. Memo. 2022-59, 123 T.C.M. (CCH) 1317, 1319, *aff'd per curiam*, No. 22-60504, 2022 WL 19038050 (5th Cir. Nov. 2, 2022). She contends that her tax liability is now zero because she reported that income subsequently, but she has submitted no evidence that she reported or paid the additional tax due. And even if she did pay it, that would not change the fact that a deficiency existed at the time she petitioned this Court.

**[\*5]**    Finding no material fact in genuine dispute, we will grant respondent's Motion and direct that decision be entered under Rule 155. We are confident that respondent, in preparing his computations, will carefully search petitioner's accounts for any tax payments she has made toward her 2021 income tax liability.

To reflect the foregoing,

*An appropriate order will be issued, and decision will be entered under Rule 155.*